SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
*****************************************
In the Matter of the Application of
VINNIE HARDEE,
              PETITIONER,

                                                             **VERIFIED PETITION**

For a Judgment Pursuant to Article 78
Of the Civil Practice Law and Rules,

      -against-

Deborah Pritchett, as the Housing Assistance Specialist
at City of New Rochelle Section 8 Housing Agency

      -and-
City of New Rochelle Section 8 Housing Agency
              RESPONDENT.
*****************************************

      Petitioner VINNIE HARDEE, by her attorney Legal Services of the Hudson Valley, respectfully shows and alleges as follows:

PRELIMINARY STATEMENT

1. This is a hybrid proceeding brought pursuant to Article 78 of the Civil Practice Law and Rules seeking a judgment annulling Respondents' notice and decision to terminate Petitioner's Section 8 subsidy without due process under 24 CFR § 582.320 and an order declaring that Respondent must meaningfully act upon Petitioner's request for reasonable accommodation under the disability provisions of the Fair Housing Act and Petitioner's lease.

2. Petitioner resides in an apartment that was subsidized by the City of New Rochelle Section 8 Housing Agency. The City of New Rochelle Section 8 Housing Agency is overseen by the Department of Housing and Urban Development ("HUD"). The program is administered locally by Respondent. It was created to provide housing subsidies for those who fall within a low-income threshold.

3. Petitioner suffers from severe and persistent mental and physical illnesses. Specifically, she suffers from PTSD, asthma, hypertension, hyperlipidemia, congestive heart failure, atrial fibrillation on anticoagulation, coronary artery disease and has had bypass surgery and mitral valve replacement. As a result of her disabilities, Petitioner is unable to work

illnesses make it extremely difficult for Petitioner to manage her day-today affairs without case management assistance.

4. Petitioner obtained this Section 8 voucher approximately 20 years ago. Petitioner was on the wait list for the voucher for 8-10 years prior to being granted a voucher. During the wait list period, Petitioner was homeless.

5. Petitioner has lived in her current apartment since 2011.

6. Respondents have terminated Petitioner from the voucher program and ceased subsidy payments. Petitioner has agreed to move from her current apartment at the end of November because she can no longer afford the rent without her Section 8 voucher, in addition, with mounting health problems, Petitioner wishes to seek alternative living arrangements to be closer to family after an upcoming surgery.

7. In May 2018, Respondent sought to terminate Petitioner's Section 8 voucher by serving Respondent with Termination Notice. Upon receiving the notice, Petitioner disputed the underlying allegations and asked that she be contacted with any questions or clarification that would be necessary for her to maintain her voucher. The request was sent via facsimile by Petitioner's case manager and confirmation was received. **Exhibit A and B.**

8. Petitioner did not receive a response from Respondents after she sent the letter and assumed that her letter was sufficient to maintain her voucher and stay in the Section 8 program.

9. After meeting with an attorney and learning that Section 8 was going to uphold the termination and cease paying her landlord, Petitioner sent yet another letter via facsimile requesting an informal hearing and explaining that she did not understand the process. **Exhibit C.** Petitioner's case worker followed up with Section 8 and was informed that she would not be granted a hearing.

10. On September 25, 2018, Legal Services of the Hudson Valley ("LSHV") made a Reasonable Accommodation Request to New Rochelle Section 8. LSHV followed up via telephone message on three occasions after the letter was sent via facsimile and regular U.S. mail, however, LSHV never received any reply or response to the request. **Exhibit D.**

11. Respondents failed to provide due process required by the regulations governing this housing program. Respondent failed to provide independent review by a party that did

not take part in the termination decision, despite Petitioner's response to their proposed termination notice. 24 CFR § 582.320(b)(2).

12. Petitioner seeks a judgment directing and mandating that Respondents conduct an informal hearing pursuant to 24 C.F.R. § 982.555, as well as declaring that Respondent consider Petitioner's proposed Reasonable accommodation and provide a response to the same.

## JURISDICTION AND VENUE

13. Pursuant to C.P.L.R. § 506(b), venue is properly placed in the Supreme Court of the State of New York, Westchester County by virtue of the fact that Respondents made the determination complained of within that county, and by virtue of the fact that Respondent maintains its principal place of office in such county, and by virtue of the fact that the material events took place in such county.

14. This Court his jurisdiction over this proceeding pursuant to C.P.L.R. § 7804.

## PARTIES

15. Petitioner Vinnie Hardee is a 61 year old disabled woman who was a participant in the New Rochelle Section 8 voucher program and resides at 590 5th Avenue, Apt. 1K New Rochelle, NY 10801 ("the apartment").

16. Respondent has offices at 1 Radisson Plaza, Suite 900 New Rochelle, NY 10801.

17. Respondent administers the City of New Rochelle Section 8 Housing Choice Voucher Program subsidized by the public housing program of the United States Department of Housing and Urban Development ("HUD") pursuant to 24 CFR §582.400. Accordingly, Respondent is bound to the federal regulations implementing that program.

18. Respondent Deborah Pritchett is a Housing Assistance Specialist at the City of New Rochelle Section 8 Housing Choice Voucher Program and, as such, is responsible for the policies, practices, and administration of the program.

## STATUTORY AND REGULATORY SCHEME
## REASONABLE ACCOMMODATION REQUREMENTS

19. Respondents are subject to Title VIII of the Civil Rights Act of 1968, as amended 1988, commonly known as the Fair Housing Amendments Act. The Fair Housing Amendments Act prohibits discrimination on the basis of disability. Discrimination includes failing to

make reasonable accommodation to a program policy that would afford a person with a disability equal opportunity the right to a hearing.

20. As stated above, Respondent is a recipient of federal funding through HUD. As such, Respondent is subject to Section 504 of the Rehabilitation Act of 1973 and the implementing regulations for HUD funded programs at 24 CFR Part 8. Section 504 also requires that Respondent provide a reasonable accommodation which would allow a disabled person the continued opportunity to participate and obtain benefits of the Section 8 program.

## SECTION 8 VOUCHER HOLDER'S HEARING RIGHTS

21. A section 8 voucher administered through the federally funded New Rochelle Municipal Housing Authority is a protected property interest protected by the Due Process Clause of the Fourteenth Amendment and, as such, it may not be terminated without due process of law. *Escalera v. New York City Housing Authority,* 425 F. 2d 853, 861 (2d Cir. 1970), see also, *Falkowski v. Northfork Hous. All., Inc.*, No. CV 08-2550 (JS) (AKT), 2009 U.S. Dist. LEXIS 92573, at *15 (E.D.N.Y. Aug. 17, 2009) (citing *Lawrence v. Town of Brookhaven Dep't of Hous., Cmty. Dev. & Intergovernmental Affairs*, 2007 U.S. Dist. LEXIS 94947, 2007 WL 4591845, at *14 (E.D.N.Y. Dec. 26, 2007)).

22. Under the Due Process Clause of the Fourteenth Amendment, Ms. Hardee has a constitutional right to participate in the pre-termination hearing for her Section 8 benefits. Accordingly, before Section 8 benefits are terminated, the recipient must be afforded due process. Here, constitutionally sufficient due process must include, among other critical elements, "an opportunity to be heard at a pre-termination hearing, including the right to present evidence and confront and cross-examine witnesses." Id. The Supreme Court of the United States held that procedural due process requires, "the opportunity to be heard" prior to termination of benefits. *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S. Ct. 1011, 1020, 25 L. Ed. 2d 287 (1970) (citing *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914)).

23. It is well settled that due process requires "the State, before it deprives a person of an entitlement [to Section 8], to provide" the party subject to adverse action with "an opportunity to present their objections." *Diaz v. Donovan*, 2008 N.Y. Misc. LEXIS 4570, at * 13 (Sup. Ct. N.Y. Co. 2008).

24. Consistent with the requirements of the Due Process Clause, federal law requires that a PHA may not terminate a tenant's voucher until the tenant has received notice of the alleged justification for voucher termination and the opportunity to be heard at an informal hearing. See 24 C.F.R. §982.555 (Informal Hearing for Participant).

25. Federal law, and Respondent-New Rochelle Section 8's ACOP, set out the requirements for requesting and holding an informal hearing.

26. "PHAs **must** offer an informal hearing for certain PHA determinations relating to the individual circumstances of a participant family. The purpose of the informal hearing is to consider whether the PHA's decisions related to the family's circumstances are in accordance with the law, HUD regulations and PHA policies. Circumstances where a PHA **must** offer a hearing are:

> **(i)** A determination of the family's annual or adjusted income, and the use of such income to compute the housing assistance payment.
>
> **(ii)** A determination of the appropriate utility allowance (if any) for tenant-paid utilities from the PHA utility allowance schedule.
>
> **(iii)** A determination of the family unit size under the PHA subsidy standards.
>
> **(iv)** A determination to terminate assistance for a participant family because of the family's action or failure to act (see § 982.552).
>
> **(v)** A determination to terminate assistance because the participant family has been absent from the assisted unit for longer than the maximum period permitted under PHA policy and HUD rules.

27. The PHA is not permitted to terminate a family's assistance until the time allowed for the family to request an informal hearing has elapsed, and any requested hearing has been completed." 24 CFR § 982.555.

28. "Following the informal hearing, "The person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision. Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing. A copy of the hearing decision shall be furnished promptly to the family." 24 CFR 982.555(e)(6)

29. Respondent's own Hearing Request Procedure is attached as. **Exhibit E.**

30. Respondent's Informal Hearing procedure mirrors the above listed federal regulations.

## STATEMENT OF FACTS

31. Petitioner has been a participant in the Section 8 program for the last 20 years and has lived in her current apartment since 2011.

32. Petitioner receives a fixed income of $735 per month consisting of SSI payments.

33. Petitioner is a person with a disability as defined in the Fair Housing Amendments Act, Rehabilitation Act, and Americans with Disabilities Act.

34. Specifically, she suffers from PTSD, asthma, hypertension, hyperlipidemia, congestive heart failure, atrial fibrillation on anticoagulation, coronary artery disease and has had bypass surgery and mitral valve replacement. She is due for another heart surgery imminently.

35. Petitioner's disabilities preclude her from working and cause her significant difficulty in her activities of daily living, interpersonal relationships, and in attending to her responsibilities.

36. Petitioner receives supportive services from the Guidance Center of Westchester and has an assigned case worker, Ms. Brittany Fox. Ms. Fox assists the Petitioner with almost all aspects of daily life including arranging for appointments, assisting in communicating with medical professionals, transportation to and from services and more.

37. In light of Petitioner's impairments, Petitioner was adjudged to be disabled by the Social Security Administration, which awarded Petitioner Supplemental Security Income.

38. On or about May 30, 2018, Petitioner received a Notice of Termination from The City of New Rochelle Section 8 Program, signed by Respondent, Deborah Pritchett. **Exhibit A.**

39. On June 8, 2018, Petitioner responded to the termination notice by disputing and explaining each of the allegations in the termination notice and asking to be contacted if Respondent required more information. **Exhibit B**.

40. Upon information and belief Respondent failed to respond to the request in any meaningful way.

41. On July 30, 2018, Petitioner followed up with another letter to New Rochelle Section 8, this time specifically requesting an informal hearing and explaining that she did not understand that her first *timely* letter had to have specifically stated a request for a hearing. **Exhibit C.**

42. On information and belief, shortly after the July 30, 2018 letter was sent, Ms. Fox (the Petitioner's case worker), followed up via phone call to Section 8 when she was informed by the Respondent that she would not be giving the Petitioner a hearing.

43. On September 25, 2018, Legal Services of the Hudson Valley made a Reasonable Accommodation Request in writing. **Exhibit D.** This request was followed up with three phone calls which went unreturned. Rather than appropriately consider the Reasonable Accommodation request, Respondent continued to deprive Petitioner of her due process and not allow an informal hearing to take place.

## FIRST CLAIM FOR RELIEF

44. Plaintiff repeats and re-alleges the allegations set forth above.

45. As a recipient of a Section 8 voucher, Petitioner was entitled to an independent review prior to her termination from the program. 24 CFR §582.324 (b)(2).

46. Petitioner's response to the proposed termination was not considered by independent review prior to termination nor did a hearing take place prior to termination.

47. Petitioner's termination was affected by an error of law and made in violation of lawful procedure, in that Respondents failed to provide an independent review depriving Petitioner of due process in violation of the program regulations at 24 CFR §582.324 (b)(2). et. Seq., as well as the Due Process Clause of the Fourteenth Amendment.

## SECOND CLAIM FOR RELIEF

48. Plaintiff repeats and re-alleges the allegations set forth above.

49. Respondent Deborah Pritchett's Termination letter dated May 30, 2018 failed to mention any facts relied upon, arguments, reasoning or justification to the proposed termination notice. Because the decision fails to provide such information it prevents review or dispute of the decision.

50. Respondent's decision terminating Petitioner's voucher was arbitrary and capricious, affected by an error of law, and made in violation of lawful procedure in that the decision was defective for failing to put Petitioner on notice of the rationale for the decision and the evidence considered in support of the decision. See *Indakamur v. Walsh-Tozer*, 292 AD2d 384, 385 (App Div 2nd Dept 2002).

## THIRD CLAIM FOR RELIEF

51. Plaintiff repeats and re-alleges the allegations set forth above.

52. Respondent's Decision terminating Petitioner's subsidy was affected by an error of law and made in violation of lawful procedure, in that Respondent refused to consider Petitioner's reasonable accommodation request before voucher termination, in violation of the Americans with Disabilities Act, and §504 of the Rehabilitation Act.

53. New Rochelle Section 8 and Deborah Pritchett failed to make a reasonable accommodation that would allow Petitioner to participate in an informal hearing in light of her disabilities.

## FOURTH CLAIM FOR RELIEF

54. Plaintiff repeats and re-alleges the allegations set forth above.

55. Respondent's decision terminating Petitioner's subsidy was affected by an error of law and made in violation of lawful procedure without review by an independent third party, in that Petitioner's alleged program violation is not severe enough to justify termination from voucher program. This decision constitutes an abuse of discretion.

56. Petitioner's alleged violation should not be considered when deciding whether Petitioner was entitled to a hearing. Failing to even consider Petitioner's Reasonable Accommodation Request is in direct contravention with federal regulations which obligate Respondents to take steps necessary to accommodate this extremely vulnerable individual.

## RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this court:

A. Enter a judgment pursuant to CPLR 7806:
   a. Directing and mandating that Respondents conduct a formal grievance hearing pursuant to 24 C.F.R. 988.555;
   b. Directing and mandating that Respondents continue and reinstate Petitioner's subsidy pending the outcome of the hearing;
   c. Granting costs, disbursements and attorney fees to the Petitioners in an amount to be determined, as provided by the New York State Equal Access to Justice Act, CPLR §8600 et seq., the Fair Housing Act and Petitioner's lease; and
   d. Directing and mandating that Respondents grant Petitioner's reasonable accommodation request and consider any other such requests in a manner consistent with the Fair Housing Act;

    e.  Granting such other and further relief as this Court deems proper.

Respectfully submitted,
Dated: 11/13/2018
White Plains, NY

Legal Services of the Hudson Valley
Attorney for Petitioner
Cherish N. Celetti, Esq.
Of Counsel
90 Maple Avenue
White Plains, NY 10607
(914) 949-1305 x104

Verification

STATE OF NEW YORK         )
COUNTY OF WESTCHESTER     ) ss:

Vinnie Hardee, being duly sworn deposes and says:

I am the Petitioner in the within entitled action and I have read the contents of the foregoing petitioner. The information stated therein is true to my own knowledge except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The material allegations are within the personal knowledge of the deponent.

*Vinnie Hardee*
Vinnie Hardee

Sworn to before me on
November 13, 2018

_____
Notary Public

CHERISH N. CELETTI
Notary Public, State of New York
No. 02CE6312215
Qualified in Westchester County
Commission Expires September 29, 20__