UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In the Matter of the Application of VINNIE HARDEE,

                Plaintiff-Petitioner,

For a Judgement Pursuant to Article 78 of the Civil Practice
Law and Rules

                -against-

DEBORAH PRITCHETT, as the Housing Specialist at
City of New Rochelle Section 8 Housing Agency, and
CITY OF NEW ROCHELLE SECTION 8 HOUSING
AGENCY,

                Defendants-Respondents.
------------------------------------------------------------------x

7:18-CV-11215 (VB)
ECF CASE

**ANSWER TO AMENDED
COMPLAINT WITH
AFFIRMATIVE DEFENSES**

    The Defendants-Respondents, DEBORAH PRITCHETT, as the Housing Specialist at City of New Rochelle Section 8 Housing Agency, and CITY OF NEW ROCHELLE SECTION 8 HOUSING AGENCY (hereinafter referred to collectively as the "Defendants"), by and through their attorney, KATHLEEN E. GILL, ESQ., Corporation Counsel of the City of New Rochelle, submit the following as and for their Answer to the Amended Complaint (hereinafter referred to as the "Complaint") of Plaintiff-Petitioner (hereinafter referred to as the "Plaintiff"):

## PRELIMINARY STATEMENT

    1.    Paragraph "1" of the Complaint consists of Plaintiff's characterizations of her own claims and legal conclusions to which no response is required. To the extent a response is required, the paragraph is denied.

## JURISDICTION AND VENUE

    2.    Admit to the truth of the allegations set forth in paragraphs "2" and "3" of the Complaint.

1

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff was a participant in the New Rochelle housing voucher program and deny that Plaintiff resides at 590 Fifth Avenue, #1-K, New Rochelle, New York 10801.

4. Admit to the truth of the allegation set forth in paragraph "5" of the Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint and respectfully refer all questions of law to this Honorable Court.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that Deborah Pritchett is a Housing Assistant Specialist at the City of New Rochelle Section 8 Housing.

## STATUTORY AND REGULATORY SCHEME

7. Paragraphs "8" through "10" of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs and respectfully refer all questions of law to this Honorable Court.

## STATEMENT OF FACTS

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "11" through "16" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17", except deny that Plaintiff lived at 590 Fifth Avenue, #1-K, New Rochelle, New York, since 2011.

10. Admit to the truth of the allegations set forth in paragraph "18" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19."

12. To the extent that paragraphs "20" through "23" of the Complaint seek to characterize or paraphrase the contents of a written document(s), the document(s) speaks for itself and Defendants deny the allegations to the extent that they are inconsistent with that document(s). Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in those paragraphs, except Defendants admit that on May 30, 2018, Defendants sought to terminate Plaintiff's Section 8 voucher by serving a proper termination notice.

13. Deny the allegations set forth in paragraph "24" of the Complaint.

## FIRST CLAIM FOR RELIEF

14. Deny the allegations set forth in paragraph "25" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## SECOND CLAIM FOR RELIEF

15. Deny the allegations set forth in paragraph "26" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## THIRD CLAIM FOR RELIEF

16. Deny the allegations set forth in paragraph "27" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## FOURTH CLAIM FOR RELIEF

17. Deny the allegations set forth in paragraph "28" of the Complaint and respectfully refer all questions of law to this Honorable Court.

## RELIEF REQUESTED

18.     The remaining paragraphs "a" through "e" constitutes a prayer for relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.     The Complaint fails to state a cause of action for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.     Defendants are entitled to immunity and/or qualified immunity of the claims asserted in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENS

21.     Plaintiff's claims must fail based on her failure to name a necessary party.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred by lack of personal jurisdiction over the Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.     Plaintiff was properly terminated from the Section 8 program for violating program requirements and/or conditions of occupancy, including 24 C.F.R. §982.551(h), which expressly states that "[t]he family may not sublease or let the unit."

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.     Defendants properly notified Plaintiff of her termination from the Section 8 program in compliance with applicable laws, rules, and regulations governing the Section 8 housing program, including 24 C.F.R. §982.555 and 24 C.F.R. 582.320.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

25. Defendants provided Plaintiff with written notice and an opportunity for an informal hearing as respects the Defendants' decision to terminate Plaintiff from the Section 8 program.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Plaintiff failed to timely request an informal hearing.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. Plaintiff's violation of the Section 8 program requirements and conditions of occupancy is serious enough to warrant termination.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. Defendants' decision to terminate Plaintiff's subsidy was reasonable and warranted.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29. The actions, decisions and determinations of the Defendants were not arbitrary, capricious, made in violation of lawful procedure or otherwise an abuse of discretion and were, in fact, rational, reasonable and supported by evidence in connection with the instant proceedings and should be upheld entirely.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30. Plaintiff's request for a reasonable accommodation was untimely made.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31. Plaintiff's request for a reasonable accommodation does not seek an accommodation designed to make the Defendants' Section 8 Housing Program accessible to persons with Plaintiff's alleged disability.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

32. Defendants' decision to terminate Plaintiff from the Section 8 program was reasonable and included the requisite review and factual findings.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

33. Defendants reserve the right to assert any additional and further defenses as may be revealed by additional information received or as may be warranted by discovery.

**WHEREFORE**, the Answering Defendants demand judgment dismissing the Complaint, together with costs and disbursements of this action, and such other and further relief as this Court deems just and proper.

Dated: New Rochelle, New York
December 18, 2018

                                                KATHLEEN E. GILL
                                                CORPORATION COUNSEL
                                                CITY OF NEW ROCHELLE

By: _____
      DAWN M. WARREN
      Assistant Corporation Counsel
      Attorneys for Defendants
      515 North Avenue
      New Rochelle, New York 10801
      (914) 654-2122

To:    Legal Services of the Hudson Valley
       Attorney for Plaintiff
       90 Maple Avenue
       White Plains, New York 10607