UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In the Matter of the Application of VINNIE HARDEE,                    7:18-CV-11215 (VB)
                                                                     ECF CASE
                        Plaintiff-Petitioner,

For a Judgement Pursuant to Article 78 of the Civil Practice
Law and Rules

                        -against-

DEBORAH PRITCHETT, as the Housing Specialist at
City of New Rochelle Section 8 Housing Agency, and
CITY OF NEW ROCHELLE SECTION 8 HOUSING
AGENCY,

                        Defendants-Respondents.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**


Kathleen E. Gill
Corporation Counsel
City of New Rochelle
Attorneys for Defendants
515 North Avenue
New Rochelle, New York 10801
(914) 654-2122

## TABLE OF CONTENTS

Introduction.................................................................................................................1

Preliminary Statement...................................................................................................1

Pertinent Facts and Procedural History............................................................................2

Arguments

Point I          Remand Is Required Because This Court Lacks Subject Matter Jurisdiction
                 Over The Article 78 Proceeding and No Federal Question Jurisdiction
                 Exists..................................................................................................4

Point II         Plaintiff's Article 78 Proceeding Must Be Dismissed As Time Barred.......8

Point III        Plaintiff Has Failed to Plead Sufficient Facts to Support a Claim Under 42
                 U.S.C. §1983.......................................................................................9

Conclusion...............................................................................................................11

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Ashcroft v. Iqbal,*
    556 U.S. 662, 677-678 (2002)...................................................9, 10

*Beckwith v. Erie County Water Authority,*
    413 F.Supp.2d 217 (W.D.N.Y. 2006)................................................7

*Bell Atlantic Corp. v. Twombly,*
    355 U.S. 41, 47 (2007) .............................................................9, 10

*Birmingham v. Ogden,*
    70 F.Supp.2d 353, 372 (S.D.N.Y.1999) ...........................................7

*Blatch ex. Rel. Clay v. Hernandez,*
    360 F. Suppl.2d 595, 637 (S.D.N.Y. 2005) .......................................7

*Camacho v. Brandon,*
    56 F. Supp. 2d 370, 379-380 (S.D.N.Y. 1999) ..................................7

*Cartegena v. City of New York,*
    257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003) ......................................7

*Caterpillar, Inc. v. Williams,*
    482 U.S. 386 (1987) ..............................................................4, 6

*Conley v. Gibson,*
    355 U.S. 41, 47 (1957) ...............................................................9

*Davis v. Proud,*
    2 F. Supp.3d 460 (E.D.N.Y. 2014) .................................................8

*Franchise Tax Board v. Construction Laborers Vacation Trust,*
    463 U.S. 1, 19 (1983) ............................................................4, 6

*Herrmann v. Brooklyn Law School,*
    432 F.Supp. 236, 240 (E.D.N.Y.1976) .............................................7

*Lucchese v. Carboni,*
    22 F.Supp.2d 256, 258 .................................................................7

*Pan American Petroleum Corp. v. Superior Court of Delaware,*
    366 U.S. 656, 663 (1961) ................................................................6

*Papasan v. Allain,*
    478 U.S. 265, 286 (1986) ..............................................................10

*People v. Liden,*
    9 N.Y.3d 271, 275–76 (N.Y. 2012) .................................................8

*Purcell v. New York Institute of Technology-College of Osteopathic Medicine,*
    2017 WL 9485684 (E.D.N.Y. 2017) ................................................5

*Segal v. Varonis Systems, Inc. et. al.,*
    601 F. Supp.2d 551, 552 (S.D.N.Y. 2009) .......................................4

*Solnick v. Whalen,*
    49 N.Y.2d 224 (N.Y. 1980) ........................................................8, 9

*Taylor v. Anderson,*
    234 U.S. 74, 75–76 (1914) .............................................................6

*Vandor, Inc. v. Militello,*
    301 F.3d 37, 39 (2d Cir. 2002) .......................................................8

*Walton v. New York State Department of Correctional Services,*
    8 N.Y.3d 186, 194 (N.Y.2007) .......................................................8

*West v. Atkins,*
    487 U.S. 42, 48 (1988) .................................................................11

## Statutes and Rules

28 U.S.C. §1331................................................................................4

28 U.S.C. §1441(a) ...........................................................................4

42 U.S.C. § 1983. .....................................................................10, 11

Fed. R. Civ. P. 8(a)(2) ..................................................................9, 10

N.Y. C.P.L.R. §217(1) …………………………………………………………………….…..8

N.Y. C.P.L.R. 506(b)…………………………………………………………......…………….6, 7

N.Y. C.P.L.R. §7801…………………………………………………….……………….....5

N.Y. C.P.L.R. §7803……………………………………………………….………………...5

N.Y. C.P.L.R. 7804(b)…………….……………………………………………………….6, 7

N.Y. C.P.L.R. §7806……………………………………………………….………………...5

## INTRODUCTION

Defendants, Deborah Pritchett, as the Housing Specialist at the City of New Rochelle Section 8 Housing Agency, and City of New Rochelle Section 8 Housing Agency (collectively, the "Defendants"), respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rules of Civil Procedure Rule 12(c), for judgment on the pleadings remanding this case to its original state court forum for lack of subject matter jurisdiction, or alternatively, dismissing the amended complaint in its entirety on the grounds that (a) Plaintiff failed to meet the four (4) month statute of limitations for filing an Article 78 proceeding, and (b) the complaint fails to state a cause of action for which relief can be granted under 42 U.S.C §1983

## PRELIMINARY STATEMENT

This is, in essence, an Article 78 proceeding challenging Defendants' actions and final determination to terminate Plaintiff from the Section 8 Housing Voucher Program ("Program") for violating Housing and Urban Development ("HUD") regulation C.F.R. 982.551, which expressly prohibits a housing subsidy recipient from subletting his/her subsidized housing unit. Defendants removed this case to federal court based on their reasonable belief, at the time, that the inartful and unconcise factual allegations in the petition, if viewed in a light most favorable to the Plaintiff, could be construed to allege a separate federal discrimination claim. As detailed below, Plaintiff recently represented to this Court that the "sole" issue in this case relates to Plaintiff having been denied a requested pre-termination administrative hearing by the Defendants. Given Plaintiff's characterization of her own claims as solely based on the propriety of Plaintiff's dismissal from the Program, without a separate and distinct discrimination component, no federal question jurisdiction exists and remand is proper and necessary.

1

## PERTINENT FACTS AND PROCEDURAL HISTORY

On November 14, 2018, Plaintiff, Vinnie Hardee ("Plaintiff"), commenced a hybrid proceeding in the New York Supreme Court, Westchester County, pursuant to Article 78 of the Civil Practice Law and Rules challenging Defendants' administrative determination to terminate Plaintiff's Section 8 Housing voucher for violating 24 C.F.R.§551, which expressly prohibits a housing subsidy recipient from subletting his/her subsidized housing.  A copy of the Notice of Petition and Verified Petition is annexed as Exhibit A to the Declaration of Dawn M. Warren in Support of Defendants' Motion for Judgment on the Pleadings.[1]

On December 3, 2018, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§1331 and 1441(a). Warren Decl. at Exhibit B.  Defendants' decision to remove this proceeding to federal court was based, at that time, on  Defendants' reasonable apprehension and good faith belief that the unconcise factual allegations in the Petition, if construed in a light most favorable to Plaintiff, could be interpreted to allege a federal discrimination claim on the basis of disability.

On December 11, 2018, Defendants filed a Verified Answer to the Petition denying all of the material allegations and alleging various affirmative defenses. Warren Decl. at Exhibit C.

On December 14, 2018, Plaintiff filed an Amended Complaint in this removed action containing more succinct and concise allegations clearly premised solely on challenging the propriety of Defendants' acts and final decision to terminate Plaintiff from the Program in an Article 78 proceeding. Warren Decl. at Exhibit D.[2]  On December 18, 2018, Defendants filed an Answer to the Amended Complaint. Warren Decl. at Exhibit E.

---

[1]  Hereinafter referred to as "Warren Decl. at Exhibit ____."

[2]  Plaintiff cites to 42 U.S.C. §1983 for the first time in the amended complaint as a basis for bringing this action. *Id.* However, as discussed below, other than a single citation to this code section, Plaintiff alleges no facts or cogent theory of liability to support a §1983 claim.

On January 16, 2019, the parties appeared before this Court for an initial conference. At the conference, counsel for Defendants agreed to stipulate to remand this proceeding to the original state court forum in light of the amended complaint establishing this action as a pure Article 78 challenge to the agency Defendants' administrative determination, without a viable or separate federal component. Plaintiff's refused and, accordingly, this Court set a briefing schedule for Defendants to move for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), for lack of subject matter jurisdiction. Warren Decl. at Exhibit F.

By letter dated January 31, 2019 ("January 31st Letter"), Plaintiff requested a pre-motion conference regarding her anticipated cross-motion for judgment on the pleadings. Warren Decl. at Exhibit G. Notably, Plaintiff clarifies in her January 31st Letter that "the sole issue in this case relates to Plaintiff having been denied a requested pre-termination hearing by Defendants." *Id*. By Order of this Court dated February 1, 2019, the Court granted Plaintiff leave to file a cross-motion for judgment on the pleadings pursuant to Rule 12(c) and set a new briefing schedule. Warren Decl. at Exhibit H.

By letter dated February 1, 2018, Defendants' sought leave of court to file an amended answer to assert statute of limitations as an affirmative defense and to clarify the jurisdictional issues (Warren Decl. at Exhibit I), which was granted. Defendants filed their amended answer on February 6, 2019. Warren Decl. at Exhibit J.

## ARGUMENT

## POINT I

## THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE REMOVED PROCEEDING ARTICLE 78 PROCEEDING AND NO FEDERAL QUESTION JURISDICTION EXISTS

The preliminary issue is whether this Court has subject matter jurisdiction over the instant action pursuant to the federal removal statute. *See* 28 U.S.C. §1441(a); 28 U.S.C. §1331 (federal question jurisdiction). It has been consistently held that "[o]nly state-court actions that *originally* could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) (emphasis added) (affirming remand to state court). *See also Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 19 (1983); *Segal v. Varonis Systems, Inc. et. al.,* 601 F. Supp.2d 551, 552 (S.D.N.Y. 2009).

As noted above, Plaintiff originally brought this hybrid proceeding in state court pursuant to Article 78 of the New York Civil Practice Law & Rules, an admittedly state law claim, challenging the Agency Defendants' final determination to terminate her Section 8 housing voucher for violating C.F.R. 982.551. Defendants removed the proceeding to federal court based, at that time, on Defendants' reasonable and good faith belief that the ill-concise and inartful factual allegations set forth in Plaintiff's original petition, if read in a light most favorable to Plaintiff, could be construed to allege a federal discrimination claim on the basis of Plaintiff's disability. However, in light of Plaintiff's recent January 31st Letter (Warren Decl. at Exhibit G), it is now evident that Plaintiff seeks only to challenge the actions and determinations of the agency

4

Defendants in a distinct Article 78 state law proceeding, and does invoke a federal claim. Therefore, remand of the instant proceeding is necessary and proper.

Specifically, counsel contends in the very first paragraph of the January 31st Letter as follows:

> "*The sole issue in this case relates to Plaintiff having been denied a requested pre-termination administrative hearing by Defendants.* This raises two legal questions: 1) was Defendants' rejection of Plaintiff's hearing request a denial of due process; and 2) if not, did Defendants violate the Fair Housing and/or Americans with Disabilities and Rehabilitation Acts by failing to respond to Plaintiff's request for a reasonable accommodation." *Id.* (emphasis added).

Warren Decl. at Exhibit G. [3]

The proper device for a plaintiff to challenge a state or local agency decision is by bringing an Article 78 state proceeding. N.Y. C.P.L.R. §7801; *Purcell v. New York Institute of Technology-College of Osteopathic Medicine,* 2017 WL 9485684 (E.D.N.Y. 2017). An Article 78 proceeding affords a petitioner various forms of relief. N.Y. C.P.L.R. §7806 (setting forth applicable forms of relief). Typically, where a petition seeks a review of an administrative determination, "the judgment may annul or confirm the determination in whole or in part, or modify it, and may direct or prohibit specified action by respondent. *Id.; Purcell,* 2017 WL 9485684, at *7. Here, in the original petition, Plaintiff asserts that Defendants' decision to terminate her Section 8 housing subsidy was made in violation of lawful procedure, affected by an error of law, arbitrary and capricious, and an abuse of discretion. Warren Decl. at Exhibit A; *see also* N.Y. C.P.L.R. §7803. Plaintiff seeks relief in the form of a judgment annulling Defendants' prior actions and determinations. *Id.; see also* N.Y. C.P.L.R. §7806. While Plaintiff cites to violations of the Due Process Clause of the Fourteenth Amendment, Fair Housing, ADA, and/or Rehabilitation Acts in the original petition, these claimed violations go to the essence of, and are indivisibly intertwined

---

[3] Based on this January 31st Letter, it appears Plaintiff has abandoned any claim under 42 U.S.C. §1983.

with, the propriety of Plaintiff's dismissal from the Program and do not constitute distinct federal claims.

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 391. Under this rule, removability is determined by "'what necessarily appears in the plaintiff's statement of his own claim in the [complaint].'" *Franchise Tax Board*, 463 U.S. at 9–10 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). A plaintiff is the "master of the complaint" and may preclude removal by electing to disregard an available federal dimension of a claim and asserting only a distinct state law cause of action. *Caterpillar*, 482 U.S. at 392. "If the plaintiff decides not to invoke a federal right, his claim belongs in a state court." *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663 (1961). Here, because the original petition does not invoke a separate federal cause of action distinct from the Article 78 state law claim, as confirmed by Plaintiff's January 31st Letter, this Court lacks subject matter jurisdiction over this proceeding and remand is necessary and proper.

Article 78 specifies where an Article 78 may be brought:

A proceeding under this article shall be brought in the *supreme court* in the county specified in subdivision (b) of section 506, except as that subdivision otherwise provides.

N.Y. C.P.L.R. 7804(b) (emphasis added). Section 506(b) provides, in part, that "[a] proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of . . . , or where the material events otherwise took place, or where the principal office of the respondent is located." N.Y. C.P.L.R. 506(b). Exceptions are provided for four categories, and proceedings in these four categories are

to be brought in the Appellate Division or the Supreme Court in certain specified counties. *Id.* None of the exceptions apply here.

Under New York law, the "authority to grant relief pursuant to an Article 78 proceeding is exclusively vested in the New York Supreme Court," unless it is against a justice of the Supreme Court or a judge of a county court or the court of general sessions, which must be commenced in the appellate division of the New York Supreme Court. *Beckwith v. Erie County Water Authority,* 413 F.Supp.2d 217 (W.D.N.Y. 2006); *Blatch ex rel. Clay v. Hernandez,* 360 F.Supp.2d 595, 637 (S.D.N.Y.2005); *Cartagena v. City of New York,* 257 F.Supp.2d 708, 710 (S.D.N.Y.2003). "An Article 78 proceeding is a 'novel and special creation of [New York] state law'", *Camacho v. Brandon,* 56 F. Supp. 2d 370, 379-380 (S.D.N.Y. 1999), and applicable state law therefore provides that New York state supreme court has exclusive jurisdiction over Article 78 claims, except those claims that must be brought in the appellate division. N.Y. C.P.L.R. 7804(b); N.Y. C.P.L.R.506(b); *Beckwith,* 413 F.Supp.2d 217; *Cartagena,* 257 F.Supp.2d 710. Accordingly, this District Court lacks original jurisdiction over this Article 78 proceeding.

Federal courts have also consistently declined to exercise supplemental jurisdiction over Article 78 claims. *Birmingham v. Ogden,* 70 F.Supp.2d 353, 372 (S.D.N.Y.1999) ("federal courts are loath to exercise jurisdiction over Article 78 claims."); *Camacho,* 56 F.Supp.2d at 380 ("we see no reason to exercise [the court's] discretion [to exercise supplemental jurisdiction] by adjudicating a purely state procedural [and substantive] remedy."); *Lucchese v. Carboni,* 22 F.Supp.2d 256, 258 (S.D.N.Y.1998) ("Article 78 proceedings were designed for the state courts, and are best suited to adjudication there."); *Herrmann v. Brooklyn Law School,* 432 F.Supp. 236, 240 (E.D.N.Y.1976) ("[T]his special proceeding designed to accommodate to the state court system is best suited to that system").

7

For the foregoing reasons, this proceeding must be remanded to the original state court forum.[4]

**POINT II**

**PLAINTIFF'S ARTICLE 78 PROCEEDING IS TIME BARRED AND MUST BE DISMISSED AS A MATTER OF LAW**

In the event this Court denies Defendants' instant motion to remand, it should nevertheless dismiss Plaintiff's Article 78 proceeding on the basis that it is barred by the statute of limitations. The relevant provision C.P.L.R. §217(1) provides that an Article 78 proceeding "must be commenced within four months [or 120 days] after the determination to be reviewed becomes final and binding upon the petitioner ..." N.Y. C.P.L.R. §217; *Davis v. Proud*, 2 F. Supp.3d 460 (E.D.N.Y. 2014); *Vandor, Inc. v. Militello*, 301 F.3d 37, 39 (2d Cir. 2002); *People v. Liden*, 19 N.Y.3d 271, 275–76 (N.Y. 2012); *Walton v. New York State Department of Correctional Services*, 8 N.Y.3d 186, 194 (N.Y.2007).

"An administrative determination becomes 'final and binding' when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies." *Davis*, 2 F. Supp.3d at 489 (quoting *Walton*, 8 N.Y.3d at 194). "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party." *Davis*, 2 F. Supp.3d at 489 (quoting *Solnick v. Whalen*, 49 N.Y.2d 224 (N.Y. 1980)) (quotations and citations omitted). "The reason for the short statute is the strong policy, vital to the conduct of certain kinds of governmental affairs, that the operation of

---

[4] To the extent this Court regards Plaintiff's §1983 claim cited for the first time in the *amended* federal complaint as a source for conferring original or supplemental jurisdiction over this action, which it respectfully should not, Plaintiff's alleged §1983 claim nonetheless fails to state a claim for which relief can be granted requiring dismissal, as further addressed below.

government not be trammeled by stale litigation and stale determinations." *Solnick,* 49 N.Y.2d at 233.

Here, Plaintiff does not dispute that Defendants issued a final notice to terminate Plaintiff's Section 8 voucher subsidy on May 30, 2018.   Warren Decl. at Exhibits A and G. Indeed, Defendants' May 30th letter plainly states, "[y]ou are in violation of your Section 8 Family Obligations HUD CFR 982.551 and are terminated from this Section 8 program effective June 30, 2018 . . ." Thus, an Article 78 proceeding challenging Defendants' final decision to terminate Plaintiff from the Program needed to be brought by no later than September 30, 2018.  Plaintiff did not commence this Article 78 proceeding until November 14, 2018, one half month after the expiration of the statute of limitations.  Warren Decl. at Exhibit A. Accordingly, Plaintiff's Article 78 proceeding is time barred and must be dismissed as a matter of law.

**POINT III**

**PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM UNDER 42 U.S.C. §1983**

Federal Rule of Civil Procedure 8(a)(2) provides, in relevant part, that all pleadings which state a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleading standard prescribed by Rule 8(a) does not require a plaintiff to set forth "detailed factual allegations," it does require more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 677-678 (2002). Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 355 U.S. 41, 47 (2007) (alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Rule 8(a) "requires a showing, rather than a blanket assertion, of entitlement to relief. *Id.* at 555 & n.3. A

9

motion to dismiss for failure to state a clam is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Id.*

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable to the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *Twombly,* 550 U.S. at 570 (holding that a complaint is subject to dismissal where plaintiffs failed to "nudg[e] their claims across the line from conceivable to plausible"). Although a court must take all factual allegations in the complaint as true when addressing a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a plaintiff's legal conclusions couched as factual allegations need to be accepted as true. *Iqbal,* 556 U.S. at 678; *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Therefore, to survive a motion to dismiss, a plaintiff's [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly,* 50 U.S. at 555) (internal quotation marks omitted).

A plaintiff may have a cause of action under Section 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

10

42 U.S.C. § 1983.

To state a claim for relief under §1983, a plaintiff must allege: (1) the violation of a right protected by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Other than a mere citation to 42 U.S.C. §1983 in the amended complaint, Plaintiff alleges no facts or cogent theory of liability to support this claim. Accordingly, Plaintiff's §1983 claim must be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendants' motion to remand this case to its original state court forum for lack of subject matter jurisdiction should be granted.   Alternatively, Plaintiff's amended complaint should be dismissed in its entirety, with prejudice, on grounds that Plaintiff failed to meet the four (4) month statute of limitations for filing an Article 78 proceeding, and the amended complaint fails to state a cause of action for which relief can be granted under 42 U.S.C §1983.

Dated: New Rochelle, New York
       February 6, 2019

                                                    Respectfully,

                                                    KATHLEEN E. GILL
                                                    CORPORATION COUNSEL
                                                    CITY OF NEW ROCHELLE
                                                    Attorneys for Defendants

                                        By:
                                                    Dawn M. Warren
                                                    Assistant Corporation Counsel
                                                    515 North Avenue
                                                    New Rochelle, New York 10801
                                                    (914) 654-2122

11

To:    Legal Services of the Hudson Valley
       Attorneys for Plaintiff
       90 Maple Avenue
       White Plains, New York 10607