Case 7:18-cv-11215-VB    Document 22    Filed 12/03/18    Page 1 of 2

JS 44C/SDNY
REV. 06/01/17

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
In the Matter of the Application of Vinnie Hardee

**DEFENDANTS**
Deborah Pritchett, as the Housing Specialist at City of New Rochelle Section 8 Housnig Agency, and City of New Rochelle Section 8 Housing Agency

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Claudia E. Sutherland, of Counsel, Legal Services of the Hudson Valley
90 Maple Avenue, White Plains, New York 10601
(914) 949-1305 ext. 104

**ATTORNEYS (IF KNOWN)**
Katleen E. Gill, Corporation Counsel of the City of New Rochelle, 515 North Avenue, New Rochelle, New York 10801
(914) 654-2122

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Due Process Clause of the 14th Amendment; 24 CFR §§582.320 and 982.555; 24 CFR Part 8; the Americans with Disability Act; Title VIII o

Has this  action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☑ Yes ☐    Judge Previously Assigned

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed.  No ☐  Yes ☐  If yes, give date _____ & Case No. _____

Is this an international arbitration case?    No ☒    Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*        **NATURE OF SUIT**

### TORTS

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110  INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120  MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130  MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140  NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | **PROPERTY RIGHTS** | [ ] 410 ANTITRUST |
| [ ] 150  RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 820 COPYRIGHTS | | [ ] 430 BANKS & BANKING |
| [ ] 151  MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 830 PATENT | | [ ] 450 COMMERCE |
| [ ] 152  RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 460 DEPORTATION |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | | [ ] 840 TRADEMARK | | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 153  RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | **LABOR** | **SOCIAL SECURITY** | [ ] 480 CONSUMER CREDIT |
| [ ] 160  STOCKHOLDERS SUITS | [ ] 382 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 861 HIA (1395ff) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 190  OTHER CONTRACT | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 862 BLACK LUNG (923) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 195  CONTRACT PRODUCT LIABILITY | **ACTIONS UNDER STATUTES** | **PRISONER PETITIONS** | [ ] 740 RAILWAY LABOR ACT | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 196 FRANCHISE | **CIVIL RIGHTS** | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | [ ] 864 SSID TITLE XVI | [ ] 890 OTHER STATUTORY ACTIONS |
| | | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURAL ACTS |
| **REAL PROPERTY** | [ ] 440  OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | **FEDERAL TAX SUITS** | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 210  LAND CONDEMNATION | [ ] 441 VOTING | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 220  FORECLOSURE | [ ] 442 EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 896 ARBITRATION |
| [ ] 230  RENT LEASE & EJECTMENT | [x] 443 HOUSING/ ACCOMMODATIONS | | **IMMIGRATION** | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 240  TORTS TO LAND | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | **PRISONER CIVIL RIGHTS** | [ ] 462 NATURALIZATION APPLICATION | | |
| [ ] 245  TORT PRODUCT LIABILITY | [ ] 446  AMERICANS WITH DISABILITIES -OTHER | [ ] 550 CIVIL RIGHTS | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 290  ALL OTHER REAL PROPERTY | [ ] 448 EDUCATION | [ ] 555 PRISON CONDITION | | | |
| | | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | | | |

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $_____ OTHER _____    JUDGE _____    DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

Case 7:18-cv-11215-VB     Document 2     Filed 12/03/18     Page 2 of 2

*(PLACE AN  x  IN ONE BOX ONLY)*  **ORIGIN**

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

   ☐ a.  all parties represented

   ☐ b.  At least one party
     is pro se.

☐ 3 Remanded
from
Appellate
Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
(Specify District)

☐ 6 Multidistrict
Litigation
(Transferred)

☐ 7 Appeal to District
Judge from
Magistrate Judge

☐ 8 Multidistrict Litigation (Direct File)

*(PLACE AN  x  IN ONE BOX ONLY)*     **BASIS OF JURISDICTION**

☐ 1 U.S. PLAINTIFF     ☐ 2 U.S. DEFENDANT     ☒ 3 FEDERAL QUESTION
(U.S. NOT A PARTY)     ☐ 4 DIVERSITY

*IF DIVERSITY, INDICATE
CITIZENSHIP BELOW.*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

DEFENDANT(S) ADDRESS **UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**
I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:     THIS ACTION SHOULD BE ASSIGNED TO:     ☒ **WHITE PLAINS**     ☐ **MANHATTAN**

DATE 12/03/2018     SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED  Mo. May____  Yr. 2002____ )
Attorney Bar Code # 4020434

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In the Matter of the Application of VINNIE HARDEE,

                                        Plaintiff,

For a Judgement Pursuant to Article 78 of the Civil Practice            **NOTICE OF REMOVAL**
Law and Rules,
                                                                        ECF Case

                      -against-                                         Case No.:

DEBORAH PRITCHETT, as the Housing Specialist at
City of New Rochelle Section 8 Housing Agency, and
CITY OF NEW ROCHELLE SECTION 8 HOUSING
AGENCY,

                                        Defendants.
------------------------------------------------------------------------x

TO THE CLERK OF THE COURT:

          PLEASE TAKE NOTICE, that Plaintiff Deborah Pritchett, as the Housing Specialist at

City of New Rochelle Section 8 Housing Agency, and City of New Rochelle Section 8 Housing

Agency (collectively, "Defendants"), by and through their counsel, Kathleen E. Gill, Esq.,

Corporation Counsel of the City of New Rochelle, hereby seek to remove the above-captioned

action from the Supreme Court of New York, County of Westchester, Index No. 69161/2018, to

the United States District Court for the Southern District of New York, pursuant to 28 U.S.C.

§1331, and state as follows:

          1.      On November 14, 2018, Plaintiff, Vinnie Hardee ("Hardee"), filed a verified

petition ("Petition") against Defendants in the Supreme Court of New York, County of

Westchester, bearing index no. 69161/2018 (the "State Court Action").

2.      Hardee served Defendants with a Notice of Petition for a Judgment Pursuant to CPLR Article 78 ("Notice of Petition"), Petition and Request for Judicial Intervention ("RJI") for the State Court Action on November 20, 2018.

3.      As alleged in the Petition, Hardee brings this Article 78 proceeding against Defendants alleging that Defendants are liable to Hardee for terminating her participation in the Section 8 voucher program ("Program") in violation of the Due Process Clause of the 14th Amendment; 24 CFR §§582.320 and 982.555; 24 CFR Part 8; the Americans with Disability Act; Title VIII of the Civil Rights Act of 1968, as amended, commonly known as the Fair Housing Act (the "FHA"); and Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"). The Petition also alleges that Defendants' decision to terminate Hardee from the Program was an abuse of discretion, arbitrary and capricious, affected by an error of law, and made in violation of lawful procedure. The purported claims and violations arise out of a determination made by Defendants to terminate Hardee from the Program upon discovering that Hardee had been subleasing her Section 8 housing to illegal occupants in violation of 24 CFR §982.551.

4.      Defendants seek removal of the State Court Action to this Court pursuant to 28 U.S.C. §1441(a) on the ground that it is an action over which this Court would have original federal question jurisdiction.

5.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) as it is filed within thirty (30) days after Defendants were served by Hardee with the Notice of Petition and Petition.

6.      A true and correct copy of the Notice of Petition, Petition and RJI are attached hereto as Exhibit A.

7.      No prior application for this relief has been made.

8.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the State Court Action is pending

WHEREFORE, Defendants request that this civil action be removed from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York.

Dated: New Rochelle, New York
        December 3, 2018

KATHLEEN E. GILL
Corporation Counsel of the City of New Rochelle
Attorney for Defendants

By:

Dawn M. Warren
Associate Corporation Counsel
515 North Avenue
New Rochelle, New York 10801
(914) 654-2122
dwarren@newrochelleny.com

To:     Legal Services of the Hudson Valley
        Attorneys for Plaintiff
        90 Maple Avenue
        White Plains, New York 10601
        Attention:  Claudia E. Sutherland, of Counsel

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 11/14/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
*********************************************

In the Matter of the Application of
VINNIE HARDEE,
                        PETITIONER,                     NOTICE OF PETITION
                                                        INDEX NO:
For a Judgment Pursuant to Article 78
Of the Civil Practice Law and Rules,

        -against-

Deborah Pritchett, as the Housing Assistance Specialist
at City of New Rochelle Section 8 Housing Agency

        -and-
City of New Rochelle Section 8 Housing Agency
                        RESPONDENT.
*********************************************

**PLEASE TAKE NOTICE** that upon the annexed verified petition of Vinnie Hardee, dated

November 13, 2018 and upon all papers filed and the proceedings previously conducted in this

matter, and the exhibits annexed hereto, an application pursuant to Article 78 of the Civil

Practice Law and Rules ("CPLR") will be made to this Court at Room _____ of this Court, at

this Courthouse located at 111 Martin Luther King, Jr. Blvd., in the County of Westchester, State

of New York, on the _____ day of November, 2018, at 9 am or as soon thereafter as Counsel

may be heard, for an order and judgment pursuant to CPLR § 7803 (3):

1) Directing and mandating that Respondents conduct a formal grievance hearing pursuant
   to 24 C.F.R. 982.555;

2) Directing and mandating that Respondents continue and reinstate Petitioner's subsidy
   pending the outcome of the hearing;

3) Granting costs, disbursements and attorney fees to the Petitioners in an amount to be
   determined, as provided by the New York State Equal Access to Justice Act, CPLR
   §8600 et seq., Petitioner's lease; and

4) Directing and mandating that Respondents grant Petitioner's reasonable accommodation
   request and consider any other such requests in a manner consistent with the Fair
   Housing Act;

5) Granting such other and further relief as this Court deems proper.

**Please take further notice** that pursuant to CPLR Section 7804(c), answering papers must be served on petitioner's counsel at least 5 days prior to the return date of the petition and reply papers, if any, are to be served at least 1 day prior to the return date.

Date:   November 13, 2018
White Plains, New York

Respectfully submitted,

Legal Services of the Hudson Valley
Attorneys for Respondent-Tenant
By: Cherish N. Celetti, Esq., Of Counsel
90 Maple Ave
White Plains, NY 10601
(914) 949-1305 x104
(914) 949-6213 (f)
cceletti@lshv.org

To:

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 11/14/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
*********************************************
In the Matter of the Application of
VINNIE HARDEE,

                      PETITIONER,                              VERIFIED PETITION

For a Judgment Pursuant to Article 78
Of the Civil Practice Law and Rules,

        -against-

Deborah Pritchett, as the Housing Assistance Specialist
at City of New Rochelle Section 8 Housing Agency

        -and-
City of New Rochelle Section 8 Housing Agency
                      RESPONDENT.
*********************************************

Petitioner VINNIE HARDEE, by her attorney Legal Services of the Hudson Valley, respectfully shows and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a hybrid proceeding brought pursuant to Article 78 of the Civil Practice Law and Rules seeking a judgment annulling Respondents' notice and decision to terminate Petitioner's Section 8 subsidy without due process under 24 CFR § 582.320 and an order declaring that Respondent must meaningfully act upon Petitioner's request for reasonable accommodation under the disability provisions of the Fair Housing Act and Petitioner's lease.

2. Petitioner resides in an apartment that was subsidized by the City of New Rochelle Section 8 Housing Agency.  The City of New Rochelle Section 8 Housing Agency is overseen by the Department of Housing and Urban Development ("HUD"). The program is administered locally by Respondent. It was created to provide housing subsidies for those who fall within a low-income threshold.

3. Petitioner suffers from severe and persistent mental and physical illnesses. Specifically, she suffers from PTSD, asthma, hypertension, hyperlipidemia, congestive heart failure, atrial fibrillation on anticoagulation, coronary artery disease and has had bypass surgery and mitral valve replacement. As a result of her disabilities, Petitioner is unable to work

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018

NYSCEF DOC. NO. 1                                                              RECEIVED NYSCEF: 11/14/2018

illnesses make it extremely difficult for Petitioner to manage her day-today affairs
without case management assistance.

4. Petitioner obtained this Section 8 voucher approximately 20 years ago. Petitioner was on
the wait list for the voucher for 8-10 years prior to being granted a voucher. During the
wait list period, Petitioner was homeless.

5. Petitioner has lived in her current apartment since 2011.

6. Respondents have terminated Petitioner from the voucher program and ceased subsidy
payments. Petitioner has agreed to move from her current apartment at the end of
November because she can no longer afford the rent without her Section 8 voucher, in
addition, with mounting health problems, Petitioner wishes to seek alternative living
arrangements to be closer to family after an upcoming surgery.

7. In May 2018, Respondent sought to terminate Petitioner's Section 8 voucher by serving
Respondent with Termination Notice. Upon receiving the notice, Petitioner disputed the
underlying allegations and asked that she be contacted with any questions or clarification
that would be necessary for her to maintain her voucher. The request was sent via
facsimile by Petitioner's case manager and confirmation was received. **Exhibit A and B.**

8. Petitioner did not receive a response from Respondents after she sent the letter and
assumed that her letter was sufficient to maintain her voucher and stay in the Section 8
program.

9. After meeting with an attorney and learning that Section 8 was going to uphold the
termination and cease paying her landlord, Petitioner sent yet another letter via facsimile
requesting an informal hearing and explaining that she did not understand the process.
**Exhibit C.** Petitioner's case worker followed up with Section 8 and was informed that
she would not be granted a hearing.

10. On September 25, 2018, Legal Services of the Hudson Valley ("LSHV") made a
Reasonable Accommodation Request to New Rochelle Section 8. LSHV followed up via
telephone message on three occasions after the letter was sent via facsimile and regular
U.S. mail, however, LSHV never received any reply or response to the request. Exhibit
D.

11. Respondents failed to provide due process required by the regulations governing this
housing program. Respondent failed to provide independent review by a party that did

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/14/2018

not take part in the termination decision, despite Petitioner's response to their proposed termination notice. 24 CFR § 582.320(b)(2).

12. Petitioner seeks a judgment directing and mandating that Respondents conduct an informal hearing pursuant to 24 C.F.R. § 982.555, as well as declaring that Respondent consider Petitioner's proposed Reasonable accommodation and provide a response to the same.

## JURISDICTION AND VENUE

13. Pursuant to C.P.L.R. § 506(b), venue is properly placed in the Supreme Court of the State of New York, Westchester County by virtue of the fact that Respondents made the determination complained of within that county, and by virtue of the fact that Respondent maintains its principal place of office in such county, and by virtue of the fact that the material events took place in such county.

14. This Court his jurisdiction over this proceeding pursuant to C.P.L.R. § 7804.

## PARTIES

15. Petitioner Vinnie Hardee is a 61 year old disabled woman who was a participant in the New Rochelle Section 8 voucher program and resides at 590 5th Avenue, Apt. 1K New Rochelle, NY 10801 ("the apartment").

16. Respondent has offices at 1 Radisson Plaza, Suite 900 New Rochelle, NY 10801.

17. Respondent administers the City of New Rochelle Section 8 Housing Choice Voucher Program subsidized by the public housing program of the United States Department of Housing and Urban Development ("HUD") pursuant to 24 CFR §582.400. Accordingly, Respondent is bound to the federal regulations implementing that program.

18. Respondent Deborah Pritchett is a Housing Assistance Specialist at the City of New Rochelle Section 8 Housing Choice Voucher Program and, as such, is responsible for the policies, practices, and administration of the program.

## STATUTORY AND REGULATORY SCHEME

## REASONABLE ACCOMMODATION REQUREMENTS

19. Respondents are subject to Title VIII of the Civil Rights Act of 1968, as amended 1988, commonly known as the Fair Housing Amendments Act. The Fair Housing Amendments Act prohibits discrimination on the basis of disability. Discrimination includes failing to

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/14/2018

make reasonable accommodation to a program policy that would afford a person with a disability equal opportunity the right to a hearing.

20. As stated above, Respondent is a recipient of federal funding through HUD. As such, Respondent is subject to Section 504 of the Rehabilitation Act of 1973 and the implementing regulations for HUD funded programs at 24 CFR Part 8. Section 504 also requires that Respondent provide a reasonable accommodation which would allow a disabled person the continued opportunity to participate and obtain benefits of the Section 8 program.

## SECTION 8 VOUCHER HOLDER'S HEARING RIGHTS

21. A section 8 voucher administered through the federally funded New Rochelle Municipal Housing Authority is a protected property interest protected by the Due Process Clause of the Fourteenth Amendment and, as such, it may not be terminated without due process of law. *Escalera v. New York City Housing Authority*, 425 F. 2d 853, 861 (2d Cir. 1970), *see also, Falkowski v. Northfork Hous. All., Inc.*, No. CV 08-2550 (JS) (AKT), 2009 U.S. Dist. LEXIS 92573, at *15 (E.D.N.Y. Aug. 17, 2009) (citing *Lawrence v. Town of Brookhaven Dep't of Hous., Cmty. Dev. & Intergovernmental Affairs*, 2007 U.S. Dist. LEXIS 94947, 2007 WL 4591845, at *14 (E.D.N.Y. Dec. 26, 2007)).

22. Under the Due Process Clause of the Fourteenth Amendment, Ms. Hardee has a constitutional right to participate in the pre-termination hearing for her Section 8 benefits. Accordingly, before Section 8 benefits are terminated, the recipient must be afforded due process. Here, constitutionally sufficient due process must include, among other critical elements, "an opportunity to be heard at a pre-termination hearing, including the right to present evidence and confront and cross-examine witnesses." Id. The Supreme Court of the United States held that procedural due process requires, "the opportunity to be heard" prior to termination of benefits. *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S. Ct. 1011, 1020, 25 L. Ed. 2d 287 (1970) (citing *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914)).

23. It is well settled that due process requires "the State, before it deprives a person of an entitlement [to Section 8], to provide" the party subject to adverse action with "an opportunity to present their objections." *Diaz v. Donovan*, 2008 N.Y. Misc. LEXIS 4570, at * 13 (Sup. Ct. N.Y. Co. 2008).

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 11/14/2018

24. Consistent with the requirements of the Due Process Clause, federal law requires that a PHA may not terminate a tenant's voucher until the tenant has received notice of the alleged justification for voucher termination and the opportunity to be heard at an informal hearing. See 24 C.F.R. §982.555 (Informal Hearing for Participant).

25. Federal law, and Respondent-New Rochelle Section 8's ACOP, set out the requirements for requesting and holding an informal hearing.

26. "PHAs **must** offer an informal hearing for certain PHA determinations relating to the individual circumstances of a participant family. The purpose of the informal hearing is to consider whether the PHA's decisions related to the family's circumstances are in accordance with the law, HUD regulations and PHA policies. Circumstances where a PHA **must** offer a hearing are:

> (i) A determination of the family's annual or adjusted income, and the use of such income to compute the housing assistance payment.
>
> (ii) A determination of the appropriate utility allowance (if any) for tenant-paid utilities from the PHA utility allowance schedule.
>
> (iii) A determination of the family unit size under the PHA subsidy standards.
>
> (iv) A determination to terminate assistance for a participant family because of the family's action or failure to act (see § 982.552).
>
> (v) A determination to terminate assistance because the participant family has been absent from the assisted unit for longer than the maximum period permitted under PHA policy and HUD rules.

27. The PHA is not permitted to terminate a family's assistance until the time allowed for the family to request an informal hearing has elapsed, and any requested hearing has been completed." 24 CFR § 982.555.

28. "Following the informal hearing, "The person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision. Factual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing. A copy of the hearing decision shall be furnished promptly to the family." 24 CFR 982.555(e)(6)

29. Respondent's own Hearing Request Procedure is attached as. **Exhibit E.**

30. Respondent's Informal Hearing procedure mirrors the above listed federal regulations.

Case 7:18-cv-11215-VB    Document 4-1    Filed 12/04/18    Page 8 of 27

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM      INDEX NO. 69161/2018
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 11/14/2018

## STATEMENT OF FACTS

31. Petitioner has been a participant in the Section 8 program for the last 20 years and has lived in her current apartment since 2011.

32. Petitioner receives a fixed income of $735 per month consisting of SSI payments.

33. Petitioner is a person with a disability as defined in the Fair Housing Amendments Act, Rehabilitation Act, and Americans with Disabilities Act.

34. Specifically, she suffers from PTSD, asthma, hypertension, hyperlipidemia, congestive heart failure, atrial fibrillation on anticoagulation, coronary artery disease and has had bypass surgery and mitral valve replacement. She is due for another heart surgery imminently.

35. Petitioner's disabilities preclude her from working and cause her significant difficulty in her activities of daily living, interpersonal relationships, and in attending to her responsibilities.

36. Petitioner receives supportive services from the Guidance Center of Westchester and has an assigned case worker, Ms. Brittany Fox. Ms. Fox assists the Petitioner with almost all aspects of daily life including arranging for appointments, assisting in communicating with medical professionals, transportation to and from services and more.

37. In light of Petitioner's impairments, Petitioner was adjudged to be disabled by the Social Security Administration, which awarded Petitioner Supplemental Security Income.

38. On or about May 30, 2018, Petitioner received a Notice of Termination from The City of New Rochelle Section 8 Program, signed by Respondent, Deborah Pritchett. **Exhibit A.**

39. On June 8, 2018, Petitioner responded to the termination notice by disputing and explaining each of the allegations in the termination notice and asking to be contacted if Respondent required more information. **Exhibit B.**

40. Upon information and belief Respondent failed to respond to the request in any meaningful way.

41. On July 30, 2018, Petitioner followed up with another letter to New Rochelle Section 8, this time specifically requesting an informal hearing and explaining that she did not understand that her first *timely* letter had to have specifically stated a request for a hearing. **Exhibit C.**

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM
NYSCEF DOC. NO. 1

INDEX NO. 69161/2018
RECEIVED NYSCEF: 11/14/2018

42. On information and belief, shortly after the July 30, 2018 letter was sent, Ms. Fox (the Petitioner's case worker), followed up via phone call to Section 8 when she was informed by the Respondent that she would not be giving the Petitioner a hearing.

43. On September 25, 2018, Legal Services of the Hudson Valley made a Reasonable Accommodation Request in writing. **Exhibit D.** This request was followed up with three phone calls which went unreturned. Rather than appropriately consider the Reasonable Accommodation request, Respondent continued to deprive Petitioner of her due process and not allow an informal hearing to take place.

FIRST CLAIM FOR RELIEF

44. Plaintiff repeats and re-alleges the allegations set forth above.

45. As a recipient of a Section 8 voucher, Petitioner was entitled to an independent review prior to her termination from the program. 24 CFR §582.324 (b)(2).

46. Petitioner's response to the proposed termination was not considered by independent review prior to termination nor did a hearing take place prior to termination.

47. Petitioner's termination was affected by an error of law and made in violation of lawful procedure, in that Respondents failed to provide an independent review depriving Petitioner of due process in violation of the program regulations at 24 CFR §582.324 (b)(2). et. Seq., as well as the Due Process Clause of the Fourteenth Amendment.

SECOND CLAIM FOR RELIEF

48. Plaintiff repeats and re-alleges the allegations set forth above.

49. Respondent Deborah Pritchett's Termination letter dated May 30, 2018 failed to mention any facts relied upon, arguments, reasoning or justification to the proposed termination notice. Because the decision fails to provide such information it prevents review or dispute of the decision.

50. Respondent's decision terminating Petitioner's voucher was arbitrary and capricious, affected by an error of law, and made in violation of lawful procedure in that the decision was defective for failing to put Petitioner on notice of the rationale for the decision and the evidence considered in support of the decision. See *Indakamur v. Walsh-Tozer*, 292 AD2d 384, 385 (App Div 2nd Dept 2002).

THIRD CLAIM FOR RELIEF

51. Plaintiff repeats and re-alleges the allegations set forth above.

Case 7:18-cv-11215-VB    Document 4-1    Filed 12/04/18    Page 10 of 27

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/14/2018

52. Respondent's Decision terminating Petitioner's subsidy was affected by an error of law and made in violation of lawful procedure, in that Respondent refused to consider Petitioner's reasonable accommodation request before voucher termination, in violation of the Americans with Disabilities Act, and §504 of the Rehabilitation Act.

53. New Rochelle Section 8 and Deborah Pritchett failed to make a reasonable accommodation that would allow Petitioner to participate in an informal hearing in light of her disabilities.

## FOURTH CLAIM FOR RELIEF

54. Plaintiff repeats and re-alleges the allegations set forth above.

55. Respondent's decision terminating Petitioner's subsidy was affected by an error of law and made in violation of lawful procedure without review by an independent third party, in that Petitioner's alleged program violation is not severe enough to justify termination from voucher program. This decision constitutes an abuse of discretion.

56. Petitioner's alleged violation should not be considered when deciding whether Petitioner was entitled to a hearing.  Failing to even consider Petitioner's Reasonable Accommodation Request is in direct contravention with federal regulations which obligate Respondents to take steps necessary to accommodate this extremely vulnerable individual.

## RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this court:

A. Enter a judgment pursuant to CPLR 7806:

    a. Directing and mandating that Respondents conduct a formal grievance hearing pursuant to 24 C.F.R. 988.555;

    b. Directing and mandating that Respondents continue and reinstate Petitioner's subsidy pending the outcome of the hearing;

    c. Granting costs, disbursements and attorney fees to the Petitioners in an amount to be determined, as provided by the New York State Equal Access to Justice Act, CPLR §8600 et seq., the Fair Housing Act and Petitioner's lease; and

    d. Directing and mandating that Respondents grant Petitioner's reasonable accommodation request and consider any other such requests in a manner consistent with the Fair Housing Act;

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM     INDEX NO. 69161/2018

NYSCEF DOC. NO. 1     RECEIVED NYSCEF: 11/14/2018

    c.   Granting such other and further relief as this Court deems proper.

Respectfully submitted,
Dated: __11/13/2018__
         White Plains, NY

Legal Services of the Hudson Valley
Attorney for Petitioner
Cherish N. Celetti, Esq.
Of Counsel
90 Maple Avenue
White Plains, NY 10607
(914) 949-1305 x104

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM

NYSCEF DOC. NO. 1

INDEX NO. 69161/2018

RECEIVED NYSCEF: 11/14/2018

Verification

STATE OF NEW YORK          )
COUNTY OF WESTCHESTER      ) ss:

      Vinnie Hardee, being duly sworn deposes and says:

          I am the Petitioner in the within entitled action and I have read the contents of the foregoing petitioner. The information stated therein is true to my own knowledge except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The material allegations are within the personal knowledge of the deponent.

                                            Vinnie Hardee

Sworn to before me on
November 13, 2018

      Notary Public

      CHERISH N. CELETTI
    Notary Public, State of New York
       No. 02CE6312215
    Qualified in Westchester County
  Commission Expires September 29, 20__

Case 7:18-cv-11215-VB    Document 4-1    Filed 12/04/18    Page 13 of 27

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018
NYSCEF DOC. NO. 9    RECEIVED NYSCEF: 11/14/2018

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (7/2012)

| | For Court Clerk Use Only: |
|---|---|
| Westchester Supreme COURT, COUNTY OF Westchester | IAS Entry Date |
| Index No:          Date Index Issued: | Judge Assigned |
| CAPTION: Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet. | RJI Date |

Vinnie Hardee

Plaintiff(s)/Petitioner(s)

-against-

Deborah Pritchett, City of New Rochelle Section 8 Housing Agency

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:    Check ONE box only and specify where indicated.

**MATRIMONIAL**

☐ Contested

**NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**

☐ Asbestos
☐ Breast Implant
☐ Environmental:
☐ Medical, Dental, or Podiatric Malpractice
☐ Motor Vehicle
☐ Products Liability:
☐ Other Negligence:
☐ Other Professional Malpractice:
☐ Other Tort:

**OTHER MATTERS**

☐ Certificate of Incorporation/Dissolution    [see **NOTE** under Commercial]
☐ Emergency Medical Treatment
☐ Habeas Corpus
☐ Local Court Appeal
☐ Mechanic's Lien
☐ Name Change
☐ Pistol Permit Revocation Hearing
☐ Sale or Finance of Religious/Not-for-Profit Property
☐ Other:

**COMMERCIAL**

☐ Business Entity (including corporations, partnerships, LLCs, etc.)
☐ Contract
☐ Insurance (where insurer is a party, except arbitration)
☐ UCC (including sales, negotiable instruments)
☐ Other Commercial:

**NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(D)], complete and attach the **COMMERCIAL DIV RJI Addendum**.

**REAL PROPERTY:**    How many properties does the application include?

☐ Condemnation
☐ Mortgage Foreclosure:    ☐ Residential    ☐ Commercial
Property Address:
**NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum**.

☐ Tax Certiorari - Section:          Block:          Lot:
☐ Tax Foreclosure
☐ Other Real Property:

**SPECIAL PROCEEDINGS**

☐ CPLR Article 75 (Arbitration)    [see **NOTE** under Commercial]
☒ CPLR Article 78 (Body or Officer)
☐ Election Law
☐ MHL Article 9.60 (Kendra's Law)
☐ MHL Article 10 (Sex Offender Confinement-Initial)
☐ MHL Article 10 (Sex Offender Confinement-Review)
☐ MHL Article 81 (Guardianship)
☐ Other Mental Hygiene:
☐ Other Special Proceeding:

## STATUS OF ACTION OR PROCEEDING:    Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ☒ | ☐ | If yes, date filed:  11/14/2018 |
| Has a summons and complaint or summons w/notice been served? | ☐ | ☒ | If yes, date served: |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: |

1 of 2

Case 7:18-cv-11215-VB    Document 4-1    Filed 12/04/18    Page 14 of 27

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 11/14/2018

**NATURE OF JUDICIAL INTERVENTION:**    Check ONE box only AND enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Note of Issue and/or Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice    Date Issue Joined:
- [ ] Notice of Motion    Relief Sought:    Return Date:
- [x] Notice of Petition    Relief Sought: Article 78 (Body or Officer)    Return Date: 12/13/2018
- [ ] Order to Show Cause    Relief Sought:    Return Date:
- [ ] Other Ex Parte Application    Relief Sought:
- [ ] Poor Person Application
- [ ] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other:

**RELATED CASES:**    List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the **RJI Addendum**. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**PARTIES:**    For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the **RJI Addendum**.

| Un-Rep | Parties:<br>List parties in caption order and indicate party role(s) (e.g., defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants:<br>Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| [ ] | Name: Hardee, Vinnie<br><br>Role(s): Plaintiff/Petitioner | CHERISH CELETTI, Legal Services of the Hudson Valley, 90 Maple Ave , White Plains, NY 10601, cceletti@lshv.org | NO | |
| [x] | Name: Pritchett, Deborah<br><br>Role(s): Defendant/Respondent | 1 Radisson Plaza, Suite 900, New Rochelle, NY 10801 | NO | |
| [x] | Name: City of New Rochelle Section 8 Housing Agency<br><br>Role(s): Defendant/Respondent | 1 Radisson Plaza, Suite 900, New Rochelle, NY 10801 | NO | |
| [ ] | Name:<br><br>Role(s): | | | |
| [ ] | Name:<br><br>Role(s): | | | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated:    11/14/2018

CHERISH NINA CELETTI
**SIGNATURE**

4903555
**ATTORNEY REGISTRATION NUMBER**

CHERISH NINA CELETTI
**PRINT OR TYPE NAME**

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM     INDEX NO. 69161/2018

NYSCEF DOC. NO. 3     RECEIVED NYSCEF: 11/14/2018



Case 7:18-cv-11215-VB     Document 4-1   Filed 12/04/18   Page 16 of 27

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM          INDEX NO. 69161/2018
NYSCEF DOC. NO. 3                                            RECEIVED NYSCEF: 11/14/2018

City of New Rochelle Section 8                    Phone:  (914) 654-2179
Housing Choice Voucher Program                    FAX:    (914) 632-8403
1 Radisson Plaza, Suite 900
New Rochelle, NY 10801





May 30, 2018

Vinnie Hardee
590 Fifth Ave. # 1-K
New Rochelle, NY 10801

Dear Vinnie Hardee:

This office has been informed that you have or had illegal occupants living in your apartment.

You are in violation of your Section 8 Family Obligations HUD CFR982.551 and are terminated from this Section 8 program effective June 30, 2018 HUD CFR982.552.

If you do not agree with this decision you may request an Informal Hearing in writing 10 days of this letter as per HUD CFR982.555.

Truly yours,

Deborah Pritchett
Housing Assistance Specialist
City of New Rochelle
Section 8 Housing Agency

cc:  550 Fifth Avenue LLC
     184 Union Ave.
     New Rochelle, NY 10801

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018
NYSCEF DOC. NO. 4                                       RECEIVED NYSCEF: 11/14/2018



Case 7:18-cv-11215-VB     Document 4-1     Filed 12/04/18     Page 18 of 27

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM     INDEX NO. 69161/2018

NYSCEF DOC. NO. 4     RECEIVED NYSCEF: 11/14/2018

6/8/18

I, Vinnie Hardee believe that I should keep my Section 8 Voucher because I have been in compliance with the rules and regulations of the program. I am accused of having individuals live with me, but it is not true. I have had visitors that come to my apartment, but they were not living with me. I befriended a woman who took advantage, and allowed her son to use my address for his state ID, I was unaware that he would be using the address, and never gave them permission to do so. Although my address is listed on his state ID, he does not live with me. I am aware of the rules and regulations of the program, and have been an ideal tenant besides this incident. I always pay my rent on time, and attempt to be a good tenant. I have heart failure, and will be getting surgery shortly. I cannot imagine healing anywhere but my home, without my voucher I will not be able to pay rent on my own. I apologize for any confusion on the matter, and agree to obey all of the rules that Section 8 has put into place. If you have any questions or concerns please contact me at 914-223-4698. Thank you!

Sincerely,

*Vinnie Hardee*

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM     INDEX NO. 69161/2018

NYSCEF DOC. NO. 5     RECEIVED NYSCEF: 11/14/2018



FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM        INDEX NO. 69161/2018

NYSCEF DOC. NO. 5        RECEIVED NYSCEF: 11/14/2018

7/30/2018

I, Vinnie Hardee am requesting an informal hearing at Section 8 to discuss the discontinuation of my subsidy. I received the letter in June stating that my subsidy will be discontinued, and I had 10 days to request a hearing, but I was under the impression that my last letter explaining why I should keep my voucher would suffice. I also did not understand that I needed to use the exact language that I am requesting an informal hearing. Please let me know if this can be arranged at your earliest convenience. My phone number is 914-223-4698. Thank you.

*Vinnie Hardee*

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM          INDEX NO. 69161/2018
NYSCEF DOC. NO. 6                                                RECEIVED NYSCEF: 11/14/2018



FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM         INDEX NO. 69161/2018

NYSCEF DOC. NO. 6                                          RECEIVED NYSCEF: 11/14/2018



Legal ... ces
of the Huds n Valley
Protecting Right   Promoting Justice

www.lshv.org

**WESTCHESTER**
90 Maple Avenue
White Plains, NY 10601
914-949-1305
914-949-6213 Fax

30 South Broadway
Yonkers, NY 10701
914-376-3757
914-376-8739 Fax

100 East First Street
Suite 810
Mount Vernon, NY 10550
914-813-6880
914-813-6890 Fax

One Park Place
Suite 303
Peekskill, NY 10566
914-402-2192
914-402-5185 Fax

**DUTCHESS**
331 Main Street
2nd Floor, Suite 200
Poughkeepsie, NY 12601
845-471-0058
845-471-0244 Fax

**ULSTER**
550 Aaron Court
Kingston, NY 12401
845-331-9373
845-331-4813 Fax

**ORANGE/SULLIVAN**
One Corwin Court
Suite 102
Newburgh, NY 12550
845-569-9110
845-569-9120 Fax

17 Hamilton Avenue
Monticello, NY 12701
845-569-9110
845-569-9120 Fax

**ROCKLAND**
7A Perlman Drive
Spring Valley, NY 10977
845-476-3831
845-352-0832 Fax

September 25, 2018

SENT VIA FAX: 914-632-8403 and FIRST CLASS MAIL

City of New Rochelle Section 8
Housing Choice Voucher Program
1 Radisson Plaza, Suite 900
New Rochelle, NY 10801

<u>Re: Vinnie Hardee: Section 8 Termination</u>

Dear Ms. Pritchett:

Legal Services of the Hudson Valley has been retained by Ms. Hardee to represent her regarding her Section 8 Voucher termination. Ms. Hardee received a notice of termination dated May 30, 2018 informing her that her voucher would be terminated effective June 30, 2018 because of alleged "illegal occupants." Ms. Hardee responded to this notice on June 8, 2018 in writing denying the allegations, by sending a letter back to you responding to the allegations and intending to be heard on the matter. (Attachment 1) I spoke with you over the phone on July 20, 2018 and you advised me of the reasons you believed it was proper to terminate her voucher. I asked you when Ms. Hardee's hearing would take place and you advised me that she was not getting a hearing because you did not receive a written request within the 10-day timeframe. I told you that I believe Ms. Hardee intended to request a hearing with the letter that she initially sent you.

Subsequent to our conversation, Ms. Hardee sent another written request to your office dated July 30, 2018 explicitly requesting an informal hearing and explaining that she did not understand that her prior letter was not a sufficient hearing request. (Attachment 2) Ms. Hardee never received any response from your office. I am now hereby requesting that Ms. Hardee be granted a Reasonable Accommodation due to her disability pursuant to the Federal Fair Housing Act 42 USC §3604(f)(3)(B). Ms. Hardee suffers from post-traumatic stress disorder as well as numerous health conditions. She also has mental limitations which impede her ability to fully comprehend the way in which she is to make certain requests. Furthermore, the decision to terminate Ms. Hardee's voucher without a hearing was improper and violates her due process.



FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018

NYSCEF DOC. NO. 6    RECEIVED NYSCEF: 11/14/2018



Legal Services
of the Hudson Valley
Protecting Rights /
Promoting Justice
www.lshv.org

WESTCHESTER
90 Maple Avenue
White Plains, NY 10601
914-949-1305
914-949-6213 Fax

30 South Broadway
Yonkers, NY 10701
914-376-3757
914-376-8739 Fax

100 East First Street
Suite 810
Mount Vernon, NY 10550
914-813-6880
914-813-6890 Fax

One Park Place
Suite 303
Peekskill, NY 10566
914-402-2192
914-402-5185 Fax

DUTCHESS
331 Main Street
2nd Floor, Suite 200
Poughkeepsie, NY 12601
845-471-0058
845-471-0244 Fax

ULSTER
550 Aaron Court
Kingston, NY 12401
845-331-9373
845-331-4813 Fax

ORANGE/SULLIVAN
One Corwin Court
Suite 102
Newburgh, NY 12550
845-569-9110
845-569-9120 Fax

17 Hamilton Avenue
Monticello, NY 12701
845-569-9110
845-569-9120 Fax

ROCKLAND
7A Perlman Drive
Spring Valley, NY 10977
845-476-3831
845-352-0832 Fax

According to The City of New Rochelle, NY HCV Program Administration Plan, informal hearing procedures include "notice to the family" pursuant to 24 CFR 982.555(c). The notice to the family must include a copy of the PHA's hearing procedures as well as a statement of the family's right to an explanation of the basis for the PHA's decision, and a deadline for the family to request the informal hearing. While the initial letter Ms. Hardee sent did not explicitly state "I request a hearing," the language that she used in her letter mirrors the adverse action notice she received and directly contests it. Additionally, she responded to your notice within the 10-day time frame allotted. Indeed, the ACOP does not require the use of a specific phrase or exact language when responding to an adverse action notice, nor does it set forth the manner in which the request must be made. (Attachment 3)

Pursuant to 24 CFR §982.3552(c)(1)(i), Section 8 may terminate a participant's assistance if the family violates any of the family obligations under the program as set forth in §982.551, which includes allowing an unauthorized occupant to reside in the unit. Accordingly, Section 8 has the discretion to decide whether or not to terminate participants if they believe they violated their family obligations. Additionally, the Federal Regulations provide that Section 8 may "consider all relevant circumstances…when deciding whether or not to terminate their voucher." 24 CFR §982.552(c)(2)(i). Here, Ms. Hardee has not been afforded the opportunity to be heard on the merits regarding the allegations.

Ms. Hardee did take affirmative steps to preserve her voucher within the time period allotted by sending her first letter to your office. Because Ms. Hardee is a disabled person, and because her disability has led to her failure to fully understand exactly what you deem an acceptable hearing request, as well as impedes her ability to communicate in a meaningful way in any prior interactions with your office in connection with her Voucher, I hereby request a Fair Hearing with regard to your termination of her participation in the Housing Choice Voucher Program.

I look forward to discussing this matter with you further. Thank you in advance for your time and consideration. I can be reached at (914) 949-1305 ext. 104 or via email at ccoletti@lshv.org.

LSC

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM
NYSCEF DOC. NO. 6

INDEX NO. 69161/2018
RECEIVED NYSCEF: 11/14/2018

Legal Services
of the Hudson Valley
Protecting Rights  Promoting Justice
www.lshv.org

**WESTCHESTER**
90 Maple Avenue
White Plains, NY 10601
914-949-1305
914-949-6213 Fax

30 South Broadway
Yonkers, NY 10701
914-376-3757
914-376-8739 Fax

100 East First Street
Suite 810
Mount Vernon, NY 10550
914-813-6880
914-813-6890 Fax

One Park Place
Suite 303
Peekskill, NY 10566
914-402-2192
914-402-5185 Fax

**DUTCHESS**
331 Main Street
2nd Floor, Suite 200
Poughkeepsie, NY 12601
845-471-0058
845-471-0244 Fax

**ULSTER**
550 Aaron Court
Kingston, NY 12401
845-331-9373
845-331-4813 Fax

**ORANGE/SULLIVAN**
One Corwin Court
Suite 102
Newburgh, NY 12550
845-569-9110
845-569-9120 Fax

17 Hamilton Avenue
Monticello, NY 12701
845-569-9110
845-569-9120 Fax

**ROCKLAND**
7A Perlman Drive
Spring Valley, NY 10977
845-476-3831
845-352-0832 Fax

Sincerely,

Cherish Celetti, Esq.
Supervising Attorney



FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018

NYSCEF DOC. NO. 7    RECEIVED NYSCEF: 11/14/2018



Case 7:18-cv-11215-VB    Document 11    Filed 12/04/18    Page 26 of 27

FILED: WESTCHESTER COUNTY CLERK 11/14/2018 12:00 PM    INDEX NO. 69161/2018

NYSCEF DOC. NO. 7                                                              RECEIVED NYSCEF: 11/14/2018

**Informal Hearing Procedures**

*Notice to the Family* [24 CFR 982.555(c)]

When the PHA makes a decision that is subject to informal hearing procedures, the PHA must inform the family of its right to an informal hearing at the same time that it informs the family of the decision.

For decisions related to the family's annual or adjusted income, the determination of the appropriate utility allowance, and the determination of the family unit size, the PHA must notify the family that they may ask for an explanation of the basis of the determination, and that if they do not agree with the decision, they may request an informal hearing on the decision.

For decisions related to the termination of the family's assistance, or the denial of a family's request for an exception to the PHA's subsidy standards, the notice must contain a brief statement of the reasons for the decision, a statement that if the family does not agree with the decision, the family may request an informal hearing on the decision, and a statement of the deadline for the family to request an informal hearing.

PHA Policy

In cases where the PHA makes a decision for which an informal hearing must be offered, the notice to the family will include all of the following:

The proposed action or decision of the PHA.

A brief statement of the reasons for the decision including the regulatory reference.

The date the proposed action will take place.

A statement of the family's right to an explanation of the basis for the PHA's decision.

A statement that if the family does not agree with the decision the family may request an informal hearing of the decision.

A deadline for the family to request the informal hearing.

To whom the hearing request should be addressed.

A copy of the PHA's hearing procedures.

FILED: WESTCHESTER COUNTY CLERK 11/26/2018 10:13 AM    INDEX NO. 69161/2018

NYSCEF DOC. NO. 11                                      RECEIVED NYSCEF: 11/26/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
*********************************************

In the Matter of the Application of
VINNIE HARDEE,

                  PETITIONER,                                AFFIRMATION OF
                                                              SERVICE

For a Judgment Pursuant to Article 78                         INDEX NO:69161-18
Of the Civil Practice Law and Rules,

        -against-

Deborah Pritchett, as Housing Assistance Specialist
at the City of New Rochelle Section 8 Housing Agency

        -and-
City of New Rochelle Section 8 Housing Agency
                RESPONDENT,
*********************************************

        CLAUDIA E. SUTHERLAND, an attorney duly admitted to practice law before

the Courts of the State of New York, hereby affirms under penalties of perjury:

1. I am not a party to the within action and I am over 18 years of age. I reside in the
   State of New York.

2. On the 20th day of November, 2018, I personally served two copies of the Notice
   of Petition and Verified Petition for an Article 78 Proceeding of the Civil Practice
   Law and Rules, upon Deborah Pritchett, Housing Assistance Specialist at City of
   the New Rochelle Section 8 Housing Agency.

                                  *Claudia Sutherland*
                                  Legal Services of the Hudson Valley
                                  Attorneys for Respondent
                                  Claudia E. Sutherland, of Counsel
                                  90 Maple Ave
                                  White Plains NY 10601
                                  (914) 949-1305x 197