UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In the Matter of the Application of VINNIE HARDEE,

                    Plaintiff/Petitioner,

For a Judgement Pursuant to Article 78 of the Civil Practice
Law and Rules

                -against-

DEBORAH PRITCHETT, as the Housing Specialist at
City of New Rochelle Section 8 Housing Agency, and
CITY OF NEW ROCHELLE SECTION 8 HOUSING
AGENCY,

                    Defendants/Respondents.
----------------------------------------------------------------x

DOCKET #.: 7:18-CV-11215
(VB)/ ECF CASE

**VERIFIED ANSWER
WITH AFFIRMATIVE
DEFENSES**

The Defendants/Respondents, DEBORAH PRITCHETT, as the Housing Specialist at City of New Rochelle Section 8 Housing Agency, and CITY OF NEW ROCHELLE SECTION 8 HOUSING AGENCY (hereinafter referred to collectively as "Respondents"), by and through their attorney, KATHLEEN E. GILL, ESQ., Corporation Counsel of the City of New Rochelle, submit the following as and for their Verified Answer in response to Plaintiff's/Petitioner's (hereinafter referred to as "Petitioner") Verified Petition (hereinafter referred to as "Petition") herein:

## PRELIMINARY STATEMENT

1. Paragraph "1" of the Petition consists of Petitioner's characterizations of her own claims and legal conclusions, to which no response is required. To the extent a response is required, the paragraph is denied.

1

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "2" through "4" of the Petition and refer all questions of law to this Honorable Court.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "5" of the Petition, except deny that Petitioner has lived at 590 Fifth Avenue, #1-K, New Rochelle, New York 10801 since 2011.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Petition, except admit that Respondents have terminated Petitioner from the Section 8 voucher program effective June 30, 2018.

5. To the extent that paragraph "7" seeks to characterize or paraphrase the contents of a written document(s), the document(s) speaks for itself and Respondents deny the allegations to the extent that they are inconsistent with the document(s). Respondents deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "7" of the Petition, except admit that by letter dated May 30, 2018, Respondents properly notified Petitioner of her termination from the Section 8 program.

6. To the extent that paragraphs "8", "9" and "10" of the Petition seek to characterize or paraphrase the contents of a written document(s), the document(s) speaks for itself and Respondents deny the allegations to the extent that they are inconsistent with the document(s). Respondents deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraphs "8", "9" and "10" of the Petition.

7. Deny the allegations set forth in paragraph "11" of the Petition.

8. Paragraph "12" of the Petition states legal conclusions, to which no response is required. To the extent a response is required, the paragraph is denied.

## JURISDICTION AND VENUE

9.  Deny the allegations set forth in paragraphs "13" and "14" of the Petition, and refer all questions of law to this Honorable Court.

## PARTIES

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Petition, except admit that Petitioner was a participant in the New Rochelle Section 8 voucher program, and deny that Petitioner resides at 590 Fifth Avenue, #1-K, New Rochelle, New York 10801.

11. Admit to the truth of the allegation set forth in paragraph "16" of the Petition.

12. Respondents deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Petition and refer all questions of law to this Honorable Court.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Petition, except admit that Deborah Pritchett is a a Housing Assistant Specialist at the City of New Rochelle Section 8 Housing.

## STATUTORY AND REGULATORY SCHEME
## REASONABLE ACCOMODATION REQUIREMENTS

14. Paragraphs "19" and "20" of the Petition consist of legal conclusions, to which no response is required. To the extent a response is required, Respondents deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in these paragraphs and refer all questions of law to this Honorable Court.

## SECTION 8 VOUCHER HOLDER'S HEARING RIGHTS

15. Paragraphs "21" through "30" of the Petition consist of legal conclusions, to which no response is required. To the extent a response is required, Respondents deny

knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraphs "21" through "30" of the Petition and refer all questions of law to this Honorable Court.

## STATEMENT OF FACTS

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31", except deny that Petitioner lived at 590 Fifth Avenue, #1-K, New Rochelle, New York, since 2011.

17. Paragraphs "32" through "37" of the Petition consist of Petitioner's characterizations of her own claims and legal conclusions, to which no response is required. To the extent a response is required, Respondents deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs and refer all questions of law to this Honorable Court.

18. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "38", except admit that Respondent, Deborah Pritchett, signed a May 30, 2018 letter properly notifying Petitioner of termination from the Section 8 program.

19. To the extent that paragraph "39" seeks to characterize or paraphrase the contents of a written document, the document speaks for itself and Respondents deny the allegations to the extent that they are inconsistent with that document.

20. Deny the allegations set forth in paragraph "40" of the Petition.

21. To the extent that paragraph "41" seeks to characterize or paraphrase the contents of a written document, the document speaks for itself and Respondents deny the allegations to the extent that they are inconsistent with that document.

4

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Petition.

23. To the extent that paragraph "43" seeks to characterize or paraphrase the contents of a written document, the document speaks for itself and Respondents deny the allegations to the extent that they are inconsistent with that document. Respondents deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in that paragraph, except deny that Respondents failed to appropriately consider the Reasonable Accommodation or deprive Petitioner of her due process rights.

## FIRST CLAIM FOR RELIEF

24. In response to the allegations set forth in paragraph "44" of the Petition, Respondents repeat and reallege their responses to paragraphs "1" through "43" of the Petition as if fully set forth herein.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Petition and refer all questions of law to this Honorable Court.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Petition and refer all questions of law to this Honorable Court.

27. Deny the allegations set forth in paragraph "47" of the Petition.

## SECOND CLAIM FOR RELIEF

28. In response to the allegations set forth in paragraph "48" of the Petition, Respondents repeat and reallege their responses to paragraphs "1" through "47" of the Petition as if fully set forth herein.

29. Deny the allegations set forth in paragraphs "49" and "50" of the Petition and refer all questions of law to this Honorable Court.

### THIRD CLAIM FOR RELIEF

30. In response to the allegations set forth in paragraph "51" of the Petition, Respondents repeat and reallege their responses to paragraphs "1" through "50" of the Petition as if fully set forth herein.

31. Deny the allegations set forth in paragraph "52" and "53" of the Petition and refer all questions of law to this Honorable Court.

### FOURTH CLAIM FOR RELIEF

32. In response to the allegations set forth in paragraph "54" of the Petition, Respondents repeat and reallege their responses to paragraphs "1" through "53" of the Petition as if fully set forth herein.

33. Deny the allegations set forth in paragraphs "55" and "56" of the Petition.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. The Petition fails to state a cause of action for which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Respondents are entitled to immunity and/or qualified immunity of the claims asserted in the Petition.

### AS AND FOR A THIRD AFFIRMATIVE DEFENS

36. Petitioner's claims must fail based on her failure to name a necessary party.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. Petitioner's claims are barred by lack of personal jurisdiction over the Respondents.

6

Case 7:18-cv-11215-VB Document 26 Filed 02/15/19 Page 7 of 10

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. Petitioner's claims are barred by lack of sufficient service of process.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. Petitioner was properly terminated from the Section 8 program for violating program requirements and/or conditions of occupancy, including 24 C.F.R. §982.551(h), which expressly states that "[t]he family may not sublease or let the unit."

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. Respondents properly notified Petitioner of her termination from the Section 8 program in compliance with applicable laws, rules and regulations, including 24 C.F.R. §982.555 and 24 C.F.R. 582.320.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. Respondents provided Petitioner with prompt written notice and opportunity for an informal hearing as to the decision to terminate Petitioner from the Section 8 program.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. Petitioner failed to timely request an informal hearing as to the Respondents' decision to terminate Petitioner from the Section 8 program.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

43. Petitioner's violation of the Section 8 program requirements and conditions of occupancy is serious enough to warrant termination.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

44. The actions, decisions and determinations of the Respondents were not arbitrary, capricious, made in violation of lawful procedure or otherwise an abuse of discretion and were,

7

in fact, rational, reasonable and supported by evidence in connection with the instant proceedings and should be upheld entirely.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

45. Petitioner's request for a reasonable accommodation was untimely made.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

46. Petitioner's request for a reasonable accommodation does not seek an accommodation designed to make the Respondents' Section 8 Housing Program accessible to persons with Petitioner's alleged disability.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

47. Respondents' decision to terminate Petitioner from the Section 8 program was reasonable and included the requisite factual findings.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

48. Petitioner failed to include the return date on the Notice of Petition as required by CPLR 403(a), which constitutes a jurisdictional defects requiring dismissal of the special proceeding.

Respondents reserve the right to assert any additional and further defenses as may be revealed by additional information received or as may be warranted by discovery.

**WHEREFORE**, the Answering Respondents demand judgment dismissing the Petition, together with costs and disbursements of this action and such other and further relief as this

Court deems just and proper.

Dated: New Rochelle, New York
December 10, 2018

                              KATHLEEN E. GILL
                              CORPORATION COUNSEL

By: _____
      DAWN M. WARREN
      Assistant Corporation Counsel
      Attorneys for Respondents
      515 North Avenue
      New Rochelle, New York 10801
      (914) 654-2122

To:   Legal Services of the Hudson Valley
       Attorney for Petitioner
       90 Maple Avenue
       White Plains, New York 10607

9

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

DEBORAH PRITCHETT, being duly sworn deposes and says:

I am a Housing Assistant Specialist at the City of New Rochelle Section 8 Housing and have read the attached Verified Answer and Affirmative Defenses, the contents of which are true to the best of my knowledge based upon information and documentation maintained by this office.

Dated: New Rochelle, New York
December 10, 2018

*D Pritchett*

Sworn to before me this
_10_ day of ~~January~~ December 2018

*Dwayne C Lester*
Notary Public

**DWAYNE C. LESTER**
Notary Public, State of New York
No. 01LE5062726
Qualified in Westchester County
Commission Expires July 8, 2022

10