

**Legal Services of the Hudson Valley**

Protecting Rights Promoting Justice

90 Maple Avenue, White Plains, NY 10601 • Tel. (914) 949-1305 • www.lshv.org

OFFICES: WHITE PLAINS • MT. VERNON • YONKERS • PEEKSKILL • MONTICELLO • NEWBURGH • KINGSTON • POUGHKEEPSIE • SPRING VALLEY

LSC

January 31, 2019

**Via ECF**

Hon. Vincent L. Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street, Room 630
White Plains, NY 10601

**Re:** *Hardee v Pritchett,* 7:18-cv-11215-VB

Dear Judge Briccetti:

We write on behalf of Plaintiff to respectfully request a conference regarding Plaintiff's anticipated cross-motion for judgment on the pleadings. The sole issue in this case relates to Plaintiff having been denied a requested pre-termination administrative hearing by Defendants. This raises two legal questions: 1) was Defendants' rejection of Plaintiff's hearing request a denial of due process; and 2) if not, did Defendants violate the Fair Housing and/or Americans with Disabilities and Rehabilitation Acts by failing to respond to Plaintiff's request for a reasonable accommodation?

During our last conference, we set a briefing schedule for the Defendant's motion to dismiss. Given that we need to make a cross motion, we respectfully request amending the schedule to provide an extension of time as listed below. Defendant's stated position is that she will not agree to a motion schedule, however, we would consent to an extension of her motion to dismiss to March 14th:

- Plaintiff's motion for judgment on the pleadings (and opposition to Defendant's motion to dismiss): February 28st.
- Opposition to Defendant's motion to dismiss (and Defendant's reply to Plaintiff's cross motion): March 7th.
- Plaintiff's Reply to Defendant's motion: March 14th.

We also request that this matter be referred to Magistrate McCarthy for disposition if the Defendant agrees to the same.

There is no dispute that Defendants sent Plaintiff a notice terminating her Section 8 subsidy on May 30, 2018 with a deadline of ten days to request a hearing. Defendants have never denied that Plaintiff responded with a letter on June 8, 2018 stating "[she] believe[s] [she] should keep [her] Section 8 voucher," denying the allegations in the termination notice in

detail, and inviting the recipient to contact her. Defendants' position is that Plaintiff did not timely request a hearing. Plaintiff, having obtained present counsel, argued that her letter constituted a hearing request and that Defendants should otherwise make a reasonable accommodation and accept a new hearing request. Defendants rejected the first argument and ignored the reasonable accommodation request.

Plaintiff has a property interest in her Section 8 housing subsidy.[1] A tenant with a property interest in federally subsidized housing has a right to due process before her subsidy can be terminated.[2] The pre-deprivation due process required includes a right to a hearing.[3] Defendants may not impose barriers to Plaintiff's invoking her right to a hearing.[4] Non-substantive obstacles to granting a hearing request deny such due process.[5] An individual entitled to a hearing cannot be said to have waived that right due to a technicality.[6]

Federal courts are the primary forum for determining whether a housing authority's procedures denied a tenant of due process.[7] Defendants are proper parties to a federal proceeding.[8] They brought this one to this Court. There also can be no dispute that Plaintiff's attorney requested a reasonable accommodation but Defendants have never responded. Plaintiff's claims under the Fair Housing, Americans with Disabilities and Rehabilitation Acts are also appropriately in federal court.[9]

Based on the foregoing, Plaintiff seeks to make a cross-motion to Defendants' previously scheduled motion for judgment on the pleadings, establishing her right to judgment as a matter of law, based on the pleadings alone.

Respectfully submitted,

*[signature]*

Joanne Sirotkin
*Attorneys for Plaintiff*

---

[1] *A.S. v. Been*, 228 F. Supp. 3d 315 (S.D.N.Y. 2017).
[2] *Goldberg v. Kelly*, 397 U.S. 254, 266 (1970); *Escalera v. N.Y. City Hous. Auth.*, 425 F.2d 853, 861 (2d Cir. 1970).
[3] *Greene v Carson*, 256 F. Supp. 3d 411, 426 (SDNY 2017) (applying 24 CFR 982.555(a)).
[4] *Kappas v Wing* 404 F 3d 105 (2d Cir 2005) (when deadlines coupled with processing delays "totally foreclosed" grievants from requesting hearings, approving order to provide hearings).
[5] *M.H. v NYC Dept of Educ*, 685 F.3d 217, 251 (2d Cir. 2012); *K.R. v NYC Dept of Educ*, 107 F. Supp. 3d 295 (SDNY 2015).
[6] *Alvadro v City of NY*, 482 F. Supp. 2d 332, 339 (SDNY 2007) (ambiguity created by an "unchecked box" and "a cross over the hearing request and a circle around the waiver" on a hearing request form preclude finding of primae facie evidence that the litigant had waived a right to a hearing).
[7] *Escalara* at 865.
[8] *Burr v New Rochelle Munic. Hous. Auth.*, 479 F.2d 1165 (2d Cir 1973).
[9] *Sinisgallo v Islip Hous Auth*, 865 F. Supp. 2d 307 (EDNY 2012); *Gladstone Realtors v Village of Bellwood*, 441 US 91, 106 (1979).