Kathleen E. Gill
**Chief of Staff for Policy and Government Affairs**
**Corporation Counsel**
kgill@newrochelleny.com

Brian J. Powers
**Deputy Corporation Counsel**
bpowers@newrochelleny.com

Dawn M. Warren
**Assistant Corporation Counsel**
dwarren@newrochelleny.com



NEW ROCHELLE
IDEALLY YOURS

February 1, 2019

**VIA ECF**
Hon. Vincent L. Briccetti
United States District Judge
Southern District of New York
300 Quarropas Street, Room 630
White Plains, New York 10601

Re:  **Hardee v. Pritchett, 7:18-cv-11215-VB**

Dear Judge Briccetti:

On January 31, 2019, Defendants received notification of Plaintiff's letter requesting leave to cross-move for judgment of the pleadings in the above action, which has been granted by this Honorable Court. I write to respectfully request an opportunity to respond.

On January 16, 2019, the parties appeared before Your Honor for an initial conference. At that time, Your Honor expressly instructed the parties to brief the single issue of whether federal question jurisdiction exists for this Honorable Court to hear this Article 78 civil proceeding in the first instance. Contrary to Plaintiff's assertion, Defendants did not state that it would not agree to a cross-motion schedule, but rather that it could not agree given this Court's prior directive limiting the briefs to this jurisdiction issue. Notably, the parties did discuss that a cross-motion for judgment on the pleadings at this time would be a waste of federal judicial resources if the Court ultimately determines there is no federal question jurisdiction. As such, Defendants offered to stipulate to remand the proceeding to state court and proceed with motion practice there, which Plaintiff rejected.

Similarly, at the initial conference, counsel for Plaintiff refused (even at the urging of this Court) to stipulate to remand, arguing that if the case is remanded Plaintiff will not be given an opportunity in state court to conduct full factual and expert disclosure needed in this action. Indeed, Plaintiff submitted a proposed scheduling order to this Court at the initial conference requesting full fact and expert discovery and a jury trial. Given Plaintiff's position in this respect, the instant request to file a cross-motion for judgment on the pleadings appears disingenuous as no discovery has been taken.

In light of this Court's February 1, 2019 Order and the present posture of this case, Defendants respectfully request leave of court to file an amended answer to clarify the jurisdictional issues and to assert the additional affirmative defense of statute of limitation. Counsel for Plaintiff has not responded to the

undersigned's request to stipulate to amend the answer.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a); *see Pollux Marine Agencies, Inc. v. Louis Dreyfus Corp.*, 455 F.Supp. 211, 215 (S.D.N.Y.1978). The court may deny leave for good reason, including futility, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981). Here, Defendants did not, in good faith, request leave to amend sooner given this Court's prior directive limiting the issue to be briefed. As motion practice has now been expanded, Defendants' request is proper and timely.

Rule 217 of the New York Civil Practice Law and Rules requires that an Article 78 proceeding be brought within four (4) months, or 120 days, after a final agency determination. *See* C.P.L.R. §217. Here, Plaintiff does not dispute that Defendants' final determination to terminate her Section 8 housing for violating HUD CFR 982.551 (illegally subletting the unit to another family) was properly sent on May 30, 2018. Plaintiff did not commence this Article 78 proceeding until November 14, 2018, after expiration of the four month limitation period. *See e.g., Purcells v. New York Institute of Technology-College of Osteopthic Medicine*, 2017 WL 9485684 (E.D.N.Y.) (finding Plaintiff cannot attempt to circumvent the applicable four month statute of limitations under Article 78 of the CPLR by styling his claims as discrimination claims in federal court pleadings).

Based on the foregoing, Defendants seek leave to make a motion to amend their answer. If permitted, Defendants are prepared to file the motion to amend the pleadings as a single memorandum of law with the motion to remand presently due on February 6, 2019.

Thank you for your considerations.

Respectfully submitted,

Dawn M. Warren
*Attorneys for Defendants*