UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Application of
VINNIE HARDEE,

        Plaintiff-Petitioner,

for a Judgment pursuant to Article 78
Of the Civil Practice Law and Rules,

  -against-

Deborah Pritchett, as the Housing Assistance Specialist
at City of New Rochelle Section 8 Housing Agency,

  -and-

City of New Rochelle Section 8 Housing Agency,

        Defendants-Respondents.

18 CV 11215 (VB)

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS

Christopher F. Schweitzer, Esq.
Legal Services of the Hudson Valley,
Attorneys for Petitioner-Appellant
90 Maple Ave.
White Plains NY 10601
(914) 376- 3757 x 306
(914) 376-8739 (f)

## Preliminary Statement

Plaintiff respectfully submits this memorandum of law in opposition to Defendants' motion to dismiss and in support of Plaintiff/'s cross-motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendants have conceded that they terminated Plaintiff's participation in the Section 8 Housing Choice Voucher program without giving her a hearing and without responding to her request for a reasonable accommodation. It is evident from the pleadings that Defendants deprived Plaintiff of due process of law and her rights as a person with a disability. Plaintiff's rights to adequate notice and a pre-deprivation hearing are codified in federal law. 42 U.S.C. 1437c-1, 1437d(k); 24 CFR 982.555.

## Undisputed Facts

For approximately 20 years, Plaintiff Vinnie Hardee had a housing subsidy through the Department of Housing and Urban Development (HUD)'s Section 8 Housing Choice Voucher Program ("Section 8"). Declaration of Christopher Schweitzer, Esq., dated February 26, 2019 ("Dec."), § 3. Defendants administered her Section 8 subsidy at all times relevant. Dec. ¶¶ 4; 8-13. Section 8 is governed by 42 U.S.C. § 1437f(o) and 24 CFR Part 982.

The following recitation of undisputed facts is drawn from the face of the pleadings:

Ms. Hardee is disabled. She suffers from severe and persistent mental and physical illnesses. She was adjudged to be disabled by the Social Security Administration, which awarded her Supplemental Security Income ("SSI"). Her only source of income is $735 a month in SSI benefits. Dec. ¶¶ 5-6. Defendants were aware that Ms. Hardee receives SSI because they obtain third-party verification and conduct examinations of Plaintiff's income at least annually. 24 CFR § 982.561. She requires case management assistance to complete many activities of daily living, and her case manager has communicated with Defendants frequently. Dec. ¶ 7.

In May 2018, Defendants acted to terminate Plaintiff's Section 8 voucher by serving a Termination Notice. The notice informed Ms. Hardee of her right to request a hearing if she "[did] not agree with this decision." Dec., Ex. 3. Within the ten days provided, Ms. Hardee, with the assistance of her case manager, submitted a written response stating that she "believe[d] that [she] should keep [her] Section 8 voucher." Dec., Ex. 4. Defendants did not respond or schedule a hearing.

1

Defendants have written policies in the form of an administrative plan, as HUD requires. These include hearing procedures. 42 U.S.C. § 1437c-1; 42 U.S.C. § 1437d(k). The Defendants' hearing procedures do not require that a subsidy recipient use a specific form or phrase or prescribed language in responding to a notice of subsidy termination with a request for a hearing. The hearing procedures require that a termination notice must include "to whom the hearing request should be addressed" and provide that a hearing request must be "delivered to the PHA either in person or by first class mail. . .no later than 10 business days from the date of the PHA's decision or notice to terminate assistance." Dec., Ex. 8.

On July 30, 2018, Ms. Hardee sent a letter stating that she thought her prior letter explaining why she should keep her voucher sufficed as a hearing request. Dec., Ex. 5. Defendants did not respond or schedule a hearing; it ceased subsidy payments. Dec., Ex. 6. Defendants took the position that Ms. Hardee had not timely requested and so had waived her right to a hearing and due process. Dec. ¶ 12. When Plaintiff's attorney requested a reasonable accommodation, Dec., Ex. 7, Defendants did not respond.

Deprived of any opportunity to defend her subsidy, Plaintiff filed an Article 78 proceeding in Supreme Court, Westchester County. The petition challenged Defendants' denial under federal and state law of due process and their failure to respond to the reasonable accommodation request. Defendants removed the proceeding to this Court. Plaintiff did not move to remand and filed an amended complaint in which she agreed that the due process and disability discrimination points in this removed action presented questions of federal law.

Defendants now untimely seek, however, an order remanding this case to Westchester County Supreme Court. Plaintiff by cross-motion seeks judgment on her federal claims and an order directing Defendants to hold an administrative hearing.

Argument

POINT I

**THIS COURT HAS SUBJECT MATTER JURISDICTION**

Defendants' motion should be rejected first of all because it is in substance a motion to remand that is untimely made. 28 U.S.C. § 1447(c); *Corbett v. Firstline Sec., Inc.*, 178 F. Supp.

3d 67, 69 (E.D.N.Y. 2016) ("any motion to remand made more than 30 days after the notice of removal must be based on an alleged lack of subject matter jurisdiction"); *see also In re Methyl Tertiary Butyl Ether (""MTBE") Prod. Liab. Litig.*, 510 F. Supp. 2d 299, 308 (S.D.N.Y. 2007) (after defendant had removed, remand not appropriate when amended complaint had "solidified jurisdiction"). This Court plainly has subject matter jurisdiction of these federal claims.

Defendants then assert that Plaintiff seeks review of the conduct of an administrative hearing or the adequacy of a hearing decision, which should only be done in an Article 78 proceeding. That is incorrect, because Defendants barred Plaintiff from exercising her due process right to a pre-deprivation hearing. There is no action "entangled in state law" here; there is only the question of whether Defendants' actions in denying Plaintiff a hearing and refusing her reasonable accommodation request "pass muster under the due process clause of the Fourteenth Amendment to the federal Constitution. Federal courts are fully competent to consider such issues and are the primary forum for vindicating federal rights." *Escalera v New York City Hous. Auth.*, 425 F.2d 853, 864 (2d Cir. 1970). *Escalera,* decided nearly six decades ago, remains a pillar of administrative law.

*Escalera* established that where there are no fair, federally-mandated procedures in place, an Article 78 proceeding does not afford adequate relief. *Id.* at 866. A claim involving federal law applicable to a subsidized tenant is properly heard in federal court. *Wright v Roanoke*, 479 U.S. 418 (1987) (affirming an enforceable right rooted in the Brooke amendment, 42 U.S.C. § 1437a); *Vialez v New York City Hous. Auth.*, 783 F. Supp. 109 (S.D.N.Y. 1991) (claims based on Brooke amendment not dismissed); *Sinisgallo v Islip Hous. Auth.*, 865 F. Supp. 2d 307 (E.D.N.Y. 2012) (likelihood of success on the merits of claims based on the Fair Housing and Rehabilitation Acts).

The cases cited by Defendants in support of remand are off the mark. In *Cartagena v NYC*, 257 F. Supp. 2d 708 (S.D.N.Y. 2003), the defendant city agency had conducted a hearing reviewable in state court and the Court invited plaintiff to bring a § 1983 claim. Similarly, in *Birmingham v Ogden*, 70 F. Supp. 2d 353 (S.D.N.Y. 1999), the agency had held a hearing and plaintiff did not dispute having adequate notice and an opportunity to be heard. *Birmingham* made clear that a plaintiff is not required to "institute proceedings so that state courts can consider his claims in the first instance." *Id.* at 364. In *Lucchese v Carboni* 22 F. Supp. 2d 256

3

(S.D.N.Y. 1998), the plaintiff, unlike Ms. Hardee, was afforded a pre-deprivation hearing. In those cases, the agencies had followed their adequate procedures and the plaintiffs were challenging the outcomes of their hearings.

Other cases cited in support of remand did not involve federal questions. All the federal claims in *Beckwith v Erie County Water Auth.* 413 F. Supp. 2d 214 (W.D.N.Y. 2006), had been dismissed before the court remanded. *Segal v Varonis*, 601 F. Supp. 2d 551 (S.D.N.Y. 2009), addressed whether an action "could originally have been filed in federal court," based on a test applied in an analogous case, *Caggiano v Pfizer*, 384 F. Supp. 2d 689 (S.D.N.Y. 2005), which supports Ms. Hardee's position. In *Caggiano*, the court inquired whether the defendants could be found liable based on every claim on state law, without determining whether any federal law had been violated. Here, Plaintiff's claims based on due process and disability discrimination are premised on violations of federal laws.

*Blatch v Hernandez*, 360 F. Supp. 2d 595 (S.D.N.Y. 2005), relied on by Defendants, ruled that a challenge to NYCHA's practices in entering settlement agreements required Article 78, not federal, review. *Id.* at 637. Any class member who entered into a settlement received adequate notice and an opportunity to appear before an impartial decision-maker. *Id.* at 603-05. Ms. Hardee had no such opportunity.

Indeed, *Blatch* supports Plaintiff's cross-motion. NYCHA had elaborate, "salutary" pre-termination hearing mechanisms for Section 8 terminations, with both pre- and post-deprivation hearings. *Id.* at 604, 614. The class and named plaintiffs disputed that the mechanisms were adequate for mentally disabled participants. *Id.* The hearings NYCHA conducted for the named plaintiffs, however, were "problematic," the District Court found, and as individuals the plaintiffs were thus deprived of due process. *Id.* at 618-23. Like these Defendants', NYCHA's practices failed to carry out its written procedures. NYCHA also had a "system for identifying persons who may be disabled and for offering accommodations" and a department "designed to assist disabled residents in securing reasonable accommodations." *Id.* at 631. Defendants in this case refused even to consider Ms. Hardee's reasonable accommodation request.

When agency procedures prevent a Section 8 participant from making her case before a hearing officer, and federal laws plainly govern this deprivation of the right to be heard, a federal court remedy is appropriate and necessary. "[I]n cases involving the termination of benefits,

4

federal courts do not ask whether the plaintiffs are entitled to the continuation of benefits, or whether they are, as the agency found, no longer eligible. Instead, the focus of the federal courts is on the adequacy of the procedures used to make that determination." *Kapps v Wing* 404 F. 3d 105, 116 (2d Cir. 2005) (citing *Goldberg v Kelly*, 397 U.S. 254, 256 n. 2 [1970]; *Bd. of Regents v Roth*, 408 U.S. 564, 577 [1972]).

The assertion by Defendants that Plaintiff's disability discrimination claims are no longer at issue is contradicted by the record. Defendants state that they removed this proceeding due to Plaintiff's claims concerning the denial of her reasonable accommodation request. Plaintiff then agreed that removal was proper. In the section of Plaintiff's letter quoted by Defendants, Ms. Hardee requests review of Defendants' denial of due process and violations of the Fair Housing, Americans with Disabilities and Rehabilitation Acts. These are clearly federal questions.

## POINT II

### PLAINTIFF'S CLAIMS ARE TIMELY MADE

A state statute of limitations does not bar a proceeding before "a federal court exercising its federal question jurisdiction" when the lengthier federal court statute of limitations has not run. *Cloverleaf Realty of N.Y., Inc. v Town of Wawyana.* 572 F.3d 93, 95 (2d Cir. 2009). "[T]he statute of limitations for a claim under § 1983 that accrued in New York is three years." *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997). Defendants' actions all occurred in the year 2018. This proceeding is timely.

Even if the four-month state statute of limitations did apply, Plaintiff's claims would still be timely. Plaintiff made a request for a reasonable accommodation, which can be done at any time. *Joint Statement of the Department of Housing and Urban Development and the Department of Justice.* Defendants did not respond to Plaintiff's September 2018 reasonable accommodation request, and Plaintiff went to court 50 days after the request was mailed.

Ms. Hardee also challenges Defendants' refusal to hold a pre-deprivation hearing after she invoked her right to due process. This claim is also timely.

Due to her mental disabilities, Plaintiff required the assistance of a case manager (not an attorney) to respond to the termination notice and to plead to keep her voucher. Defendants took no action on that request. They made no final and binding decision after Plaintiff's plea. Plaintiff was not aware, and had no reason to be aware, that Defendants were denying her any opportunity

5

for a hearing and had ceased subsidy payments until around July 30, when she wrote her second letter. *See Moorer v NYC HPD Off. of Hous. Operations & Div. of Tenant Resources*, 101 A.D.3d 565 (1st Dept. 2012) (when Section 8 subsidy was improperly terminated without opportunity for a hearing, the date the tenant learned that the subsidy had been terminated was the date the statute of limitations started to run). Defendants issued a subsidy payment to the landlord for the month of July 2018, so their decision was not final and binding until August 2018. Therefore, the Article 78 proceeding was timely filed.

Even if the Article 78 had not been timely filed, the statute of limitations was tolled by Plaintiff's mental disability, pursuant to CPLR 208. New York's Court of Appeals has applied CPLR 208 where "it was evident from the record that plaintiff was unable to protect her legal rights because of an over-all inability to function in society, and that under all the circumstances, plaintiff should be given permission to file a late claim." *Barnes v County of Onondaga*, 65 N.Y.2d 664 (1985). Here, Ms. Hardee was unable to protect her legal rights even with the assistance of a case manager.

The cases cited by Defendants as supporting dismissal of this proceeding as time-barred under Article 78 are not applicable to Ms. Hardee's situation. *Davis v Proud*, 2 F. Supp. 3d 460 (E.D.N.Y. 2014), involved a successful Article 78 proceeding to restore improperly reduced SNAP (food stamp) benefits, and a subsequent challenge to the amount of benefits actually issued. That proceeding was considered an adequate post-deprivation remedy; plaintiffs had not been deprived of adequate notice, and there were no federal questions. *Vandor, Inc. v Militello*, 301 F.3d 37 (2d Cir. 2002), involved a takings claim, not a federally required pre-deprivation hearing. *Walton v New York State Dept. of Correctional Servs.*, 8 N.Y. 3d 186 (2007), did not implicate the Article 78 limitations period because the due process claims had been denied. In *People v Linden*, 19 N.Y. 3d 271 (2007), the Court of Appeals held that litigants were not limited to proceeding under Article 78. None of these cases is apposite here.

Therefore, there is no basis to dismiss the proceeding as time-barred.

6

## POINT III

## THE PLEADINGS SUPPORT GRANTING JUDGMENT
## FOR PLAINTIFF ON HER FEDERAL CLAIMS

i. Plaintiff adequately plead her federal claims. The unrefuted facts in Plaintiff's amended complaint and Defendants' answers are sufficient to hold that Defendants violated Plaintiff's constitutional rights and are liable under disability discrimination statutes and § 1983.

Defendants were indisputably acting under color of state law when they made decisions about the administration of Ms. Hardee's HUD housing subsidy. *Burr v New Rochelle Municipal Housing Authority* 479 F. 2d 1165, 1167 (2d Cir. 1973).

Defendants' failure to respond to her reasonable accommodation request constituted an unconsidered denial that amounts to disability discrimination under federal statutes. *Sinisgallo v Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 336 (E.D.N.Y. 2012) (enjoining post-termination eviction where record did not reference whether a reasonable accommodation request was properly considered or "to what extent it was factored into the ultimate decision"). Although, unlike Ms. Hardee, the *Sinisgallo* plaintiffs had pre-deprivation hearings, their claims were appropriate in federal court. "[T]he mere fact that a state court of general jurisdiction can entertain any claim between two parties properly before it is too insubstantial a basis for compelling a party which wishes to bring federal constitutional claims in federal court to present those claims to a state court instead." *Id.* at 334 (quoting *Meachem v Wing*, 77 F. Supp. 2d 431, 442 [S.D.N.Y. 1999]).

Plaintiff has a Fourteenth Amendment property interest in her Section 8 subsidy. *Greene v Carson* 256 F. Supp. 3d 411, 424 (S.D.N.Y. 2017); *A.S. v. Been*, 228 F. Supp. 3d 315, 317 (S.D.N.Y. 2017); *Rios v Town of Huntington Hous. Auth.*, 853 F. Supp. 2d 330, 337-38 (E.D.N.Y. 2012). She is entitled to the procedural safeguards of adequate notice and the opportunity for a hearing. *Escalara,* 425 F2d at 863; *Greene v Carson*, 256 F. Supp 3d at 426. Deprivation of those safeguards is a violation of constitutional rights, the essence of a § 1983 claim. *Edgecomb v Hous. Auth*, 824 F. Supp. 312, 316 (D. Conn. 1993) (awarding damages when defendant had conceded that its initial termination without a hearing was improper).

7

Plaintiff's rights to adequate notice and a pre-deprivation hearing are also codified in federal statutes and regulations. 42 U.S.C. § 1437c-1, 1437d(k); 24 CFR 982.555. Thus, Defendants' denial of Plaintiff's right to a hearing is actionable under § 1983. The claim that Plaintiff's June 8 letter was not a hearing request is untenable; Ms. Hardee stated she disagreed with the termination of her voucher, asked to keep it and rebutted the allegations against her. *See Kapps v Wing*, 404 F. 3d 105 (2d Cir. 2005) (approving order to provide hearing when deadlines coupled with processing delays "totally foreclosed" grievants from requesting hearing).

Defendants' motion to dismiss must therefore be denied.

ii. <u>Defendants' notice was inadequate</u>. Defendants' termination notice did not state that a hearing request must contain any specific words or be in a particular form. Defendants only notified Plaintiff that her request must be in writing and made within 10 days. Plaintiff's written request to be allowed to keep her voucher was received within 10 days.

Inadequate notice of a proposed property deprivation is a due process deprivation. *Greene v Carson*, 256 F. Supp. 3d at 424-26. A notice is adequate only when it meaningfully informs the recipient of an opportunity for a hearing. *Memphis Light, Gas & Water Div. v Craft*, 436 U.S. 1, 11 (1978). A participant "must be given information sufficient to put him in a position to defend the impending termination." *Henry v Gross*, 803 F.2d 757, 766 (2d Cir 1986); *Hart v Westchester County Dept of Soc Servs*, 2003 US Dist Lexis 20119, WL 22595396 (S.D.N.Y. 2003) (dismissal of due process claim denied when there was factual issue whether plaintiff received a notice that had instructions for requesting a hearing); *Price v Rochester Hous. Auth.*, 2006 US Dist Lexis 71092, 2006 WL 2827165 (S.D.N.Y. 2006) (information about requesting reasonable accommodations must be included in termination notice for housing subsidy for disabled people); *Ortiz v Regan*, 749 F. Supp. 1254, 1262 (S.D.N.Y. 1990).

Here, Defendants did not notify Ms. Hardee what format they were insisting she use in order to obtain hearing. The termination notice did not even follow Defendants' own policies, as it did not specify how to address the request and it wrongly provided a deadline of "10 days," rather than "10 business days." They therefore did not fully and accurately inform her of the opportunity for a hearing or put her in a position to defend the termination of her subsidy.

8

iii. <u>Plaintiff did not waive her right to a hearing</u>. Defendants' position is essentially that Ms. Hardee waived her right to challenge the termination of her subsidy, in spite of her timely written response disputing its allegations and begging to keep her subsidy. This Court stated:

> "[W]here a waiver concerns a fundamental constitutional right, it is neither "presumed nor may it be lightly inferred." *Doe v. Marsh*, 105 F.3d 106, 111 (2d Cir. 1997) (internal quotation omitted). Courts "'indulge every reasonable presumption against waiver of fundamental constitutional rights.'" *Id.* (quoting *Johnson*, 304 U.S. at 464). In such circumstances, proof of waiver must be established by "clear" and "compelling" evidence. *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 145…(1986).

*Morris v New York City Emples. Ret. Sys.*, 129 F. Supp. 3d 599, 608-09 (S.D.N.Y. 2001). *See also Alvadro v City of NY*, 482 F. Supp. 2d 332, 339 (S.D.N.Y. 2007) (ambiguity created by "unchecked box" and "cross over the hearing request and a circle around the waiver" on hearing request form precludes finding *prima facie* evidence that litigant waived right to hearing).

There is no evidence of waiver here. A contrary finding would be particularly inappropriate here. A court cannot proceed against an incompetent person without appointing a guardian. *Berrios v N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir 2009). Courts construe *pro se* complaints liberally. *Weixel v Bd. of Educ. of NY*, 287 F.3d 138 (2d Cir. 2002). Defendants were on notice that Ms. Hardee was disabled, as they certified her SSI income every year. *Sinisgallo*, 865 F. Supp. 2d at 339. Their refusal to accept her hearing request and instead finding a waiver contravene the facts in their totality.

## Conclusion

Defendants are therefore liable under § 1983 and the Fair Housing and Reasonable Accommodation Acts. The Court should accordingly deny Defendants' motion to dismiss and grant Plaintiff's cross-motion for judgment on the pleadings to order Defendants to afford her a hearing.

Dated: White Plains, NY
February 26, 2019

_[signature]_

Christopher F. Schweitzer, Esq.
Legal Services of the Hudson Valley,
Attorneys for Petitioner-Appellant
90 Maple Ave.
White Plains NY 10601
(914) 376- 3757 x 306
(914) 376-8739 (f)