UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In the Matter of the Application of VINNIE HARDEE,   7:18-CV-11215 (VB)
ECF CASE

                       Plaintiff-Petitioner,

For a Judgement Pursuant to Article 78 of the Civil Practice
Law and Rules

                -against-

DEBORAH PRITCHETT, as the Housing Specialist at
City of New Rochelle Section 8 Housing Agency, and
CITY OF NEW ROCHELLE SECTION 8 HOUSING
AGENCY,

                     Defendants-Respondents.
------------------------------------------------------------------------X


# MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION

Kathleen E. Gill
Corporation Counsel
City of New Rochelle
Attorneys for Defendants
515 North Avenue
New Rochelle, New York 10801
(914) 654-2122

# TABLE OF CONTENTS

Preliminary Statement.................................................................................................1

Arguments

    Point I        This Court Lacks Subject Matter Jurisdiction Over the Removed State Court Proceeding ........................................................................................1

    Point II       Plaintiff's Claims Must Be Dismissed As Untimely............................2

                a. Plaintiff's Request for a Reasonable Accommodation was Untimely.....3

                b. Plaintiff's Claims are Not Tolled by Insanity Under CPLR 208............4

                c. Defendants' May 30, 2019 Determination Was Final and Binding........6

                d. The Three Year Statute of Limitations Applicable to §1983 Claims Does Not Apply to the Article 78 Claims.........................................7

    Point III      Plaintiff's Pleadings Fail to State a Claim for Relief Under 42 U.S.C. §1983................................................................................................9

    Point IV      The Complaint Should Be Dismissed for Insufficient Service of Process...10

    Point V       Plaintiff's Motion for Judgment on the Pleadings Must Be Dismissed as a Matter of Law..................................................................................11

Conclusion................................................................................................................12

**PRELIMINARY STATEMENT**

Defendants, Deborah Pritchett, as the Housing Specialist at the City of New Rochelle Section 8 Housing Agency, and City of New Rochelle Section 8 Housing Agency (collectively, the "Defendants"), respectfully submit this memorandum of law in further support of their motion pursuant to Federal Rules of Civil Procedure Rule 12(c) for judgment on the pleadings, and in opposition to Plaintiff's cross motion.

**ARGUMENT**

**POINT I**

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE REMOVED STATE COURT PROCEEDING**

For all of the reasons set forth in Defendants' memorandum of law, this case should be remanded to state court. Moreover, contrary to Plaintiff's assertion, Defendants' motion to remand was timely made. A motion for remand on the basis of a defect *other than lack of subject matter jurisdiction,* must be filed within thirty days after the filing of the notice of removal. *Corbett v. First Line Security, Inc.,* 178 F. Supp. 3d 67 (E.D.N.Y. 2016) (emphasis added). Defendants' seek remand of this proceeding on the basis of subject matter jurisdiction and, therefore, the 30 days filing requirement does not apply.

To extent, however, this Honorable Court declines to remand this proceeding to state court, Defendants' motion for judgment on the pleadings pursuant to Fed. Rule 12(c) should be granted because (1) Plaintiff failed to bring her claims within the four (4) month statute of limitations

1

governing Article 78 proceedings; (2) the amended complaint fails to state a cause of action for which relief can be granted under 42 U.S.C §1983, and (3) for insufficient service of process.

## POINT II

### PLAINTIFF'S CLAIMS MUST BE DISMISSED AS UNTIMELY

As fully set forth in Defendants' memorandum of law, Plaintiff's claims are barred by the four (4) month statute of limitations proscribed by CPLR 217(1) governing Article 78 proceedings. The statute begins to run when the administrative determination to be reviewed becomes "final and binding" on the petitioner, i.e., when the petitioner receives notice of a determination by which he is aggrieved (*see, e.g., Matter of Martin v. Ronan,* 44 N.Y.2d 374, 380 (1978)), which in this case was when Plaintiff received the Defendants' May 30, 2018 letter notifying her that she was terminated from the Section 8 Housing Choice Voucher Program ("Program") for violating HUD CFR 982.552. *See* Exhibit 4 of the Declaration of Christopher F. Schweitzer in opposition to Defendants' motion to dismiss and in support of Plaintiff's motion for judgment on the pleadings.[1] If Plaintiff sought to challenge that final determination, she should have timely commenced a proceeding seeking review of the Defendants' decision pursuant to CPLR Article 78, which she failed to do. Instead, Plaintiff waited until November 14, 2018, 1½ months after the expiration of the statute of limitations, to commence the instant Article 78 proceeding in state court. *Kelley v. CHAC, Inc.,* 2011 WL 1467188, at *2 (N.D. Ill. 2011) (granting the defendant housing choice voucher program's motion to dismiss the complaint challenging the termination of the plaintiff's benefits on the ground that the plaintiff failed to timely seek review through a common law writ of certiorari, and holding that 24 CFR 982.522 (c)(1) does not provide a private right of action).

---

[1] Hereinafter referred to as "Schweitzer Decl. at Exhibit ____."

2

Plaintiff argues that the proceeding is timely because (1) a request for a reasonable accommodation can be made at any time; (2) the claims are tolled for insanity under CPLR 208; (3) Defendants' May 30th determination to terminate Plaintiff from the Program was not final and binding on the Plaintiff; and (4) the statute of limitations for a claim under §1983 has not run. Each of these arguments fail for the reasons discussed below.

    a.    <u>Plaintiff's Request for a Reasonable Accommodation was Untimely</u>

It is well settled that requests for accommodations must be made <u>prior</u> to termination. After-the-fact accommodation requests are of no effect. *Brown v. Then Pension Boards*, 488 F.Supp.2d 395, 407 (S.D.N.Y. 2007); *Scott v. Mem'l Sloan Kettering Cancer Ctr.*, 190 F. Supp.2d 590, 596 (S.D.N.Y. 2002) (holding that requests for reasonable accommodation must be made prior to termination); *Taylor v. Sheltered Workshop for the Disabled, Inc.*, 2008 WL 3644208 (N.D.N.Y. 2009) (holding to the extent plaintiff claims that defendant failed to provide a reasonable accommodation, any such claims must be dismissed because there is insufficient evidence upon which it can reasonably be concluded that plaintiff requested an accommodation prior to the adverse action). Indeed, as a matter of public policy, it would eviscerate the statute of limitations in failure-to-accommodate claims if a terminated Program recipient were permitted to resurrect untimely claims by simply requesting or renewing prior requests for an accommodation after he/she was terminated from the Program. *O'Leary v. Town of Huntington*, 2012 WL 3842567 (E.D.N.Y. 2012).

It is undisputed that Plaintiff's first request for an alleged reasonable accommodation was made by letter dated September 25, 2018, nearly four (4) months <u>after</u> she was terminated from the Program. *See* Schweitzer Decl. at Exhibit 8. Accordingly, Plaintiff's request for an accommodation was untimely as a matter of law. Similarly, Plaintiff's request for an informal

3

hearing was untimely as it was first made two (2) months after she was terminated from the Program. As expressly stated in Defendants' May 30th letter, a request for an informal hearing must be made in 10 days.

Furthermore, Plaintiff did not seek an accommodation designed to make the Program accessible to persons with alleged disabilities. Instead, she simply sought to have the Program excuse and ignore the fraudulent conduct that was the ground for termination. *See, e.g., Evans v. UDR, Inc.,* 644 F. Supp.2d 675 (E.D.N.C. 2009) (holding that the prospective landlord did not have an obligation under the FHA to waive its no criminal conviction policy as a reasonable accommodation, despite the fact that the plaintiff's conviction was alleged to have resulted from her disability). In this case, Plaintiff was terminated from the Program when, after a thorough investigation conducted by the Defendants and the City New Rochelle Police Department, it was uncovered that Plaintiff had for 5+ years been subletting her subsidized apartment for a profit, while living elsewhere (including with other Section 8 recipients). As in *Evans,* excusing the Plaintiff's disqualifying misconduct is not the same as accommodating her alleged disabilities. Plaintiff cannot show that the accommodation she requested was necessary to make the Program accessible to persons with her alleged disability, as opposed to simply seeking to have the Program ignore conduct that would disqualify both disabled persons and non-disabled persons alike.

      b.      Plaintiff's Claims are Not Tolled by Insanity Under CPLR 208

Plaintiff next argues that because of her alleged "mental disabilities," the four month statute of limitations applicable to the Article 78 proceeding is tolled by CPLR 208. CPLR 208 provides that where a "person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, the statute of limitation is tolled for the period of the disability." *See* CPLR 208. The toll for insanity has been narrowly construed by the courts to

4

extend "only to those individuals who are unable to protect their legal rights because of an overall inability to function in society." *See McCarthy v. Volkswagen of America,* 55 N.Y.2d 543, 548 (1982), wherein the court explained:

> Indeed, the legislative history of CPLR 208 indicates that the Legislature intended the toll for insanity to be narrowly interpreted. When the CPLR was enacted, the Advisory Committee on Practice and Procedure reviewed the possibility of substituting the phrase "mental illness" for the term "insanity" contained in the tolling provision. This suggestion was rejected because of the fear that this change might result in unwarranted extensions of the time within which to commence an action (Fifth Rep of NY Adv. Comm. NY Legis. Doc. 1961, No. 15, p 43).
>
> ... In view of the refusal of the Advisory Committee and the Legislature to broaden the scope of the CPLR insanity toll, we believe that the Legislature meant to extend the toll for insanity to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society. The statute, in our view, cannot be interpreted as providing a toll of the Statute of Limitations to an individual claiming a mere post traumatic neurosis

Although the condition of a plaintiff's mental capabilities is largely a factual question, in this instance the insanity toll claimed by Plaintiff is untenable as a matter of law because counsel offers no admissible evidence to substantiate Plaintiff's claim that she was "unable to protect [her] legal rights because of an over-all inability to function in society" at any time prior to commencing this proceeding. *Griffin v. Coughlin,* 199 A.D.2d 1009 (4th Dept. 1993) (declined to give petitioner the benefit of the tolling provision of CPLR 208 due to lack of record evidence establishing that petitioner was disabled with the 4 months of the commencement of Article 78 proceeding).

Plaintiff's reliance on the case of *Barnes v. County of Onondaga,* 65 NY.2d 664 (1985) is wholly misplaced. In *Barnes,* the court found that plaintiff presented <u>sufficient evidence of insanity in the uncontradicted testimony from the plaintiff's psychiatrist</u> that she suffered a major depressive disorder more serious than a neurosis, as a result of which she lacked an overall ability to function and did not know what to do. Based on this <u>unrebutted testimony</u>, the court authorized plaintiff to file late notice of claim. *Id.* (emphasis added). Here, unlike in *Barnes,* there is no

5

record evidence of insanity to give Plaintiff the benefit of the tolling provision of CPLR 208. Accordingly, as in *McCarthy* and *Griffin,* the toll claimed by Plaintiff must be rejected.

        c.      Defendants' May 30, 2019 Determination Was Final and Binding

The limitations period of CPLR §217 begins to run when there has been a final and binding determination by which a plaintiff is aggrieved (*see, e.g., Matter of Martin v. Ronan,* 44 N.Y.2d 374, 380 (1978); *1060 Mile Transport Associates v. Koch,* 656 F. Supp. 1474, 1485 (S.D.N.Y. 1987)), which in this case was undoubtedly when Plaintiff received the Defendants' May 30, 2018 letter notifying her that she was terminated from the Program for violating HUD CFR 982.552. *See* Schweitzer Decl. at Exhibit 4. Plaintiff asserts that due her alleged "mental disabilities, she was unaware that she was being terminated from the Program until around July 30, 2018 when, with the assistance of a case manager, she wrote her second letter to the Defendants. This argument fails for several reasons. First, as discussed above, Plaintiff offers no record evidence establishing she suffered mental limitations or disabilities that prevented her from reading and/or comprehending the May 30th termination notice, including the 10 day time frame to request a hearing as expressly stated in the letter. Even if, *arguendo,* Plaintiff was so impaired, this argument is a red herring because Plaintiff was admittedly assisted by a case manager in responding to the termination notice. Specifically, counsel for Plaintiff expressly states in his motion papers that "[w]ithin the ten days provided [to request a hearing], Ms. Hardee, with the assistance of her case manager, submitted a written response" disagreeing with Defendants' determination. *See* Plaintiff's memorandum of law, page 1.

Next, Plaintiff incorrectly contends that the May 30th determination was not final and binding because Defendants issued a subsidy payment to the landlord for the July 2018 rent. This is incorrect. The subsidy payment made by the Defendants on July 1, 2018 was for the June 2018

6

rent for which Defendants had not made a payment. Notwithstanding, even if, as Plaintiff argues, the Defendants' determination did not become final and binding until they issued the July 1, 2018 payment, Plaintiff's claims are nonetheless still barred because this proceeding was commenced on November 14, 2018, 14 days after the four month statute of limitation ran.

Furthermore, in determining a Rule 12(c) motion, the court may only consider the factual allegations contained in the complaint and corresponding answer, documents attached to the complaint or incorporated in it by reference, matters of which judicial notice may be taken, and documents in the plaintiff's possession which the plaintiff had knowledge of and relied on in bringing suit. *See Brass v. American Film Technologies, Inc,* 987 F.2d 142 (2d Cir. 1993); *General Electric Capital Corp. v. Domino's Pizza, Inc.,* No. 93 Civ. 5070, 1994 WL 256776,at *3 (S.D.N.Y.). Accordingly, Plaintiff's Exhibits 2, 3 and 7 (which includes a copy of an alleged portion of a landlord's ledger) should not be considered by this Court as they were introduced by for the first time in support of Plaintiff's motion.

### d. The Three Year Statute of Limitations Applicable to §1983 Claims Does Not Apply to the Article 78 Claims

Lastly, Plaintiff argues that this proceeding is timely because it was brought within the three (3) year statute of limitations governing a §1983 claim. Irrespective of the statute of limitations applicable to a §1983 claim or the merits of Plaintiff's alleged §1983 claim, to the extent this Court exercises supplemental jurisdiction over the Article 78 state proceeding, it will be required to "function as a state tribunal" as respects that proceeding and adhere to the four (4) month statute of limitations proscribed by CPLR 217(1) governing Article 78 proceedings. *Adler v Pataki*, 204 F. Supp.2d 384 (N.D.N.Y. 2002); CPLR 217(1).

It is equally settled that Plaintiff may not bypass the four (4) month statute of limitations by couching her challenges to the Defendants' administrative determination in terms of a

discrimination claim or a §1983 claim. *Purcell v. New York Institute of Technology*, 2017 WL 9485684 (E.D.N.Y. 2017); *see also*, *Mule v. Hawthorne Cedar Knolls Union Free Sch. Dist.*, 290 A.D.2d 698, 699 (3d Dept. 2002) ("[A]n aggrieved party may not avoid the four-month [limitations] period by characterizing the agency's action as a denial of due process rights."); *Roebling Liquors Inc. v. Urbach*, 245 A.D.2d 829, 830 (3d Dept.1997) ("[A] party may not assert constitutional claims in an attempt to subvert the Statute of Limitations provided by CPLR 217 when the essence of the party's challenge is to the specific actions of an administrative agency."); *Schulz v. Town Bd. of Town of Queensbury*, 253 A.D.2d 956, 956–57 (1998) ("Despite their attempt to characterize the action as a facial attack on the constitutionality of the resolution itself, plaintiffs are essentially arguing that the Town Board's determination to adopt the resolution was 'affected by an error of law,' ... and, as such, the challenge is plainly encompassed within the grounds for mandamus to review set forth in CPLR 7803(3).").

Although Plaintiff cites to §1983 in her Amended Complaint, the gravamen of her complaint is that Defendants' termination was made in violation of lawful procedure, affected by an error of law, and was arbitrary and capricious or an abuse of discretion. *See* Warren Decl. at Exhibit D and G. Accordingly, the proper procedural vehicle by which to challenge Defendants' administrative determination is a proceeding pursuant to CPLR Article 78, which is governed by the four-month statute of limitations set forth in CPLR 217. *People v. Liden*, 19 N.Y.3d 271, 276 (2012) ("[A] person challenging an agency determination cannot circumvent the time limitation, or other limitations on article 78 review, by asserting his or her arguments in a different kind of proceeding.").

For the foregoing reasons, Plaintiff's Article 78 proceeding is time barred and must be dismissed as a matter of law.

8

## POINT III

## PLAINTIFF'S PLEADINGS FAIL TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. §1983

To state a claim for relief against a municipal defendant pursuant to 42 U.S.C. § 1983, a plaintiff must allege the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Raffaele v. City of New York,* 144 F. Supp.3d 365 (E.D.N.Y. 2015); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 403–04 (1997) (citing *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658 (1978)). On the other hand, a municipality may be held liable if the purported unconstitutional conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers ... [or] governmental 'custom' even though such a custom has not received formal approval through the [municipality's] official decision making channels." *Monell,* 436 U.S. at 690.

> To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees.

*Bliven v. Hunt,* 478 F.Supp.2d 332, 336–37 (E.D.N.Y. 2007) (Feuerstein, J.) *aff'd,* 579 F.3d 204 (2d Cir.2009). Suits against municipal officials in their official capacity are subject to the same analysis. *Lore v. City of Syracuse,* 670 F.3d 127, 164 (2d Cir.2012). Typically, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry,* 141 F.3d 56, 61 (2d Cir.1998) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991)); *City*

9

*of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker").

Here, Plaintiff alleges no facts or cogent theory of liability in her original Petition or Amended Complaint to support a §1983 claim. Stated another way, Plaintiff fails to allege in any of her pleadings the existence of any officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Accordingly, Plaintiff's §1983 claim must be dismissed as a matter of law.

## POINT IV

### THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

The pleadings should likewise be dismissed for insufficient service of process. New Rochelle Section 8 Housing is a division of the Department of Development for the City of New Rochelle. Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality, and, therefore, cannot sue or be sued. *Awrence v. Suffolk Cnty. Police Dep't.*, 2013 WL 3364344 at *3 (E.D.N.Y. 2013). Pursuant to Fed. R. Civ. P. 4(j)(2), a municipal corporation must be served by "(a) delivering a copy of the summons and complaint to its chief administrative officer; or (b) serving a copy of each in a matter prescribed by the state's law for serving a summons or like process on such a defendant" *Id.* Pursuant to the CPLR, personal service upon a City, other than New York City, shall be made "to the mayor, comptroller, treasurer, counsel or clerk; or if the city lacks such officers, to an officer performing a corresponding function under another name." CPLR §311(a)(3). In the instant case, upon information and belief, Plaintiff delivered the original Petition

10

to the Section 8 Housing's Executive Director, Linda Garett. Ms. Garett is not one of those officials enumerated in Fed. R. Civ. P. 4(j)(2) or CPLR §311(a)(3). Therefore, this proceeding should be dismissed against the Defendants for insufficient service of process.

## POINT V

### PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS MUST BE DISMISSED AS A MATTER OF LAW

Federal courts follow a fairly restrictive standard in ruling on a motion for judgment on the pleadings. *McNiel v. New York City Housing Authority*, 719 F. Supp. 233, 256 (S.D.N.Y. 1989). The pleadings must be read generously, drawing all reasonable inferences in favor of the non-movant. *General Electric* at *2. The plaintiff is only entitled to judgment on the pleadings "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *DeSantis v. U.S.*, 783 F. Supp. 165, 168 (S.D.N.Y. 1992) quoting *Sellers v. M.V. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). Where there are material questions of fact presented by the pleadings, the motion for judgment on the pleadings must be denied. *George C. Frey Ready-Mixed Con. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir. 1977).

Here, Plaintiff's motion to dismiss should be denied because Plaintiff was provided adequate notice of her opportunity for a hearing in accordance with the informal hearing procedures set forth in Defendant's 2018 Administrative Plan and 24 CFR 982.555(c). These hearing procedures require, in pertinent part, that "[f]or decisions related to termination of a family's assistance . . . the notice must contain a brief statement of the reasons for the decision, a statement that if the family does not agree with the decision, the family may request an information hearing on the decision, and a statement of the deadline for the fail to request an informal hearing." *See* Schweitzer at Exhibit 9. Each of these notice requirements have been met. Indeed, the

11

Defendants' May 30th termination notice explicitly informed the Plaintiff that she was being terminated from the Program, effective June 30, 2018, for "having illegal occupants living in her apartment"... in violation of [ ] HUD CFR 982.551." *See* Schweitzer Decl. at Exhibit 4. The letter also expressly states that "[i]f you do not agree with this decision you may request an Informal Hearing in writing 10 days of this letter as per HUD CFR 982.555." *Id.* Accordingly, Plaintiff was adequately informed of her termination from the Program and offered an opportunity for a hearing, which she did not request until two months later in her July 30th letter. At no time prior to that date did Plaintiff make a request in any written format for an informal hearing. While Plaintiff's earlier June 8, 2018 letter provides an explanation for her violation of HUD rules, she certainly does not request a hearing in that letter.

Counsel for Plaintiff also incorrectly avers that Defendants did not follow their own policies because the termination notice wrongly provided a deadline of "10 days," rather than "10 business days." Neither Defendant's 2018 Administrative Plan nor HUD Rules contain such a requirement. Even if, *arguendo*, such a requirement did exist it would be of no consequence here because Plaintiff did not request a hearing until two (2) months after being notified she was terminated from the Program.

Finally, Plaintiff's alleged "incompetency" claim fails for the reasons stated above or at a minimum raises material question of fact requiring denial of Plaintiff's motion for judgment on the pleadings.

## CONCLUSION

For all of the reasons set forth herein and in Defendants' memorandum of law in support, this proceeding should be remanded to the state court or, alternatively, Defendants' motion for judgment on the pleadings should be granted in its entirety, and Plaintiff's motion to dismiss

should be denied its entirety.

Dated: New Rochelle, New York
       March 14, 2019

                        Respectfully,

                        KATHLEEN E. GILL
                        CORPORATION COUNSEL
                        CITY OF NEW ROCHELLE
                        Attorneys for Defendants

By:    */s/ Dawn M. Warren*

                        Dawn M. Warren
                        Assistant Corporation Counsel
                        515 North Avenue
                        New Rochelle, New York 10801
                        (914) 654-2122

To:    Legal Services of the Hudson Valley
        Attorneys for Plaintiff
        90 Maple Avenue
        White Plains, New York 10607

13