UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Application of
VINNIE HARDEE,

        Plaintiff-Petitioner,

for a Judgment pursuant to Article 78
Of the Civil Practice Law and Rules,

   -against-

Deborah Pritchett, as the Housing Assistance Specialist
at City of New Rochelle Section 8 Housing Agency,

   -and-

City of New Rochelle Section 8 Housing Agency,

        Defendants-Respondents.

18 CV 11215 (VLB)

---

## PLAINTIFF'S MEMORANDUM OF LAW IN REPLY
## TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS


                       Christopher F. Schweitzer
                       Legal Services of the Hudson Valley,
                       Attorneys for the Petitioner-Appellant
                       90 Maple Avenue
                       White Plains, NY 10601
                       (914) 376-3757 ext. 306
                       (914) 376-8739 f

## Argument

### POINT I

### DEFENDANTS HAVE WAIVED CHALLENGES TO SERVICE

Defendants' claim of improper service does not warrant dismissal. Defendants removed the action to this Court and filed responsive pleadings without raising this jurisdictional question. Fed. R. Civ. P. 12(b) is clear that such a challenge must precede a responsive pleading. [HR1]

### POINT II

### PLAINTIFF'S REQUEST FOR A REASONABLE ACCOMMODATION AS TO HER HEARING REQUEST WAS TIMELY

Defendants' cases in support of their claim that reasonable accommodation requests must be made prior to termination are not controlling. They are employment discrimination cases, and the plaintiffs in them did not have rights to pre-deprivation hearings and the employers had not been on notice of their disabilities. Defendants do not dispute that Ms. Hardee, like any Section 8 participants, has a right to due process prior to termination, nor do they claim they were unaware of Ms. Hardee's disabilities. This Court has made clear that housing authorities must consider reasonable accommodations requested in the course of subsidy termination proceedings. *Blatch,* 360 F. Supp. 2d at 604; *Price v Rochester Hous. Auth.*, 2006 US Dist Lexis 71092, 2006 WL 2827165 (S.D.N.Y. 2006).

Contrary to Defendants' contention, there is no showing (even if it were pertinent to make such a showing) that Plaintiff requested a reasonable accommodation as a way of avoiding the subsidy termination. The record shows only that she had asserted her due process right to a hearing and got no response. When Plaintiff she learned that Defendants were taking no action, she continued to assert her right to a hearing. When she learned that Defendants did not even consider her hearing request because she had not used specific words, she requested a reasonable accommodation -- essentially asking Defendants to read her June 8, 2018 letter for its obvious substance and hold a hearing. Reasonable accommodations allowing Section 8 participants to

more effectively communicate with housing authorities are appropriate and necessary. 24 CFR §§ 8.4; 8.6; *Blatch v Hernandez*, 360 F. Supp. 2d 595, 618-23 (S.D.N.Y. 2005).

Plaintiff's memorandum in support of her cross-motion and in opposition to Defendants' motion sets forth in detail why this proceeding is timely and would be timely even if a four-month statute of limitations applied. *Kelly v Chac, Inc.*, 2011 WL 1467188 (N.D. Ill. 2011), applying a state-law statute of limitations, is unavailing because that housing authority had held a hearing. Ms. Hardee had no pre-deprivation hearing.

Defendants cite *Martin v Ronan*, 44 N.Y. 2d 374 (1978), and *Mile Transport Associates v Koch*, 656 F. Supp. 1474 (SDNY 1987), for the proposition that the applicable statute of limitations starts to run at the point at which the petitioner was impacted and knew it had been aggrieved. They are inapposite, however, to Defendants' argument that the limitations period began to run when it issued the May 30, 2018 termination notice. Defendants concede, in Point II c of their opposition, that they continued to make subsidy payments to Plaintiff's landlord months after sending notice of subsidy termination. Ms. Hardee requested a hearing and this request was ignored, leaving her in ignorance as to the state of her subsidy. Her landlord continued to credit Section 8 subsidy payments. Ms. Hardee therefore had no knowledge that Defendants were not scheduling her requested hearing and instead would stop subsidy payments until about July 30, 2018. Therefore, Plaintiff was not aware of or aggrieved by a final and binding decision until about July 30, 2018, so the statute of limitations could not have started to run until then.

## POINT III

### PLAINTIFF STATES A § 1983 CLAIM

Defendants are standing by their decisions to terminate Ms. Hardee's subsidy without a hearing and to refuse to consider her reasonable accommodation request. The officials at the Housing Authority had alternatives to just ignoring Plaintiff: to hold a hearing when Ms. Hardee challenged the termination notice, to hold a hearing when Ms. Hardee again requested a hearing, and to consider her request for a reasonable accommodation by reviewing the substance of her

letter challenging the termination. Instead, because of what the Defendants viewed as their set policy, they chose a course of inaction in response to Plaintiffs' written requests.

This establishes that Defendants had a policy with respect to the due process afforded Plaintiff, and the City's Section 8 program is liable. *Pembaur v City of Cincinnati*, 475 U.S. 469, 484 (1986) (cities are liable for single acts when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.")

Defendants do not claim that Ms. Hardee's June 8 letter was misfiled or that an employee acted unilaterally. They continue to assert that they acted intentionally in refusing to hold a hearing and to review Ms. Hardee's reasonable accommodation request. Because an "authorized decision maker has intentionally deprived" Plaintiff of her federally protected right to a pre-termination hearing, the municipality is liable. *Bd. of the Cnty Comm'rs v Brown*, 520 U.S. 397, 405 (1997). The connection between the city and the plaintiff in *Brown* was attenuated – the person who hired the officer who allegedly used excessive force may have run a sloppy background check. Here, the Defendants are consistent in their baffling position that Ms. Hardee's three written attempts at a hearing triggered no responsibility to act on them.

Defendants are not shielded from their obligations to afford due process and comply with the Constitution because they are connected to the City of New Rochelle. *VA Office for Prot. & Advocacy v Stewart*, 563 U.S. 247, 247-58 (2011). Immunity does not apply when a constitutional right was violated. *Bailey v Pataki*, 708 F.3d 391, 405 (2d Cir. 2013). At the time Ms. Hardee was terminated, it was beyond question under existing precedent that a Section 8 participant has a constitutional right to a pre-deprivation hearing. *See Escalera v New York City Hous. Auth.*, 425 F.2d 853, 864 (2d Cir. 1970). *Greene v Carson* 256 F. Supp. 3d 411, 424 (S.D.N.Y. 2017); *A.S. v. Been*, 228 F. Supp. 3d 315, 317 (S.D.N.Y. 2017). Her rights were therefore clearly established. *Garcia v Dutchess County*, 43 F. Supp. 281, 296 (S.D.N.Y. 2014); see *Royal Crown Day Care LLC v Dep't of Health and Mental Hygiene*, 746 F.3d 538, 545 (2d Cir. 2014).

Likewise, Defendants are not shielded from liability for violations of the ADA and Rehabilitation Acts. *Harris v Mills*, 572 F.3d 66, 72-74 (2d Cir. 2009) (*citing Henrietta D. v Bloomberg*, 331 F.3d 261 (2d Cir. 2003). A failure to respond to a reasonable accommodation

request is clearly established as a violation of disability discrimination statutes. *Sinisgallo v Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 336 (E.D.N.Y. 2012.)

In arguing that the due process deprivation and disability discrimination were not policies, Defendants adduce cases involving unauthorized acts or strained notions of supervisory liability. Plaintiff's situation is akin to that in *Zinermon v Burch*, 494 U.S. 113 (1990), where a pre-deprivation hearing was required and the dispute was whether state officials followed applicable law. The state actors in *Zinermon* had not taken "random and unpredictable" actions, and the deprivation plaintiff suffered was a result of "fail[ure] to provide constitutionally required procedural safeguards." *Id.* at 135. Plaintiff here also "seeks to hold. . .officials accountable for their abuse of their. . . power to effect the deprivation at issue." *Id.* at 136. The deprivation here was entirely predictable, and pre-deprivation process was possible. "Any abuse of authority that [rises] to the level of a due process violation cannot be considered 'random and unauthorized'." *DiBlasio v Novello*, 344 F.3d 292, 303 (2d Cir. 2003). The lack of pre-deprivation process is therefore actionable. *Bailey*, 708 F.3d at 402-04.

For the foregoing reasons and those previously stated, Plaintiff requests that the Court deny Defendants' motion and grant her cross-motion.

Christopher F. Schweitzer
Legal Services of the Hudson Valley,
Attorneys for the Petitioner-Appellant
90 Maple Avenue
White Plains, NY 10601
(914) 376-3757 ext. 306
(914) 376-8739 f