UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Application of
VINNIE HARDEE,
      Plaintiff-Petitioner,
for a Judgment pursuant to Article 78

Of the Civil Practice Law and Rules,

 -against-

Deborah Pritchett, as the Housing Assistance Specialist
at City of New Rochelle Section 8 Housing Agency,

 -and-

City of New Rochelle Section 8 Housing Agency,

    Defendants-Respondents.

---

18 CV 11215 (VB)

**DECLARATION**

**CHRISTOPHER F. SCHWEITZER**, an attorney admitted to practice law in the United States District Court for the Southern District of New York, respectfully submits this Declaration pursuant to 28 U.S.C. §1746:

1.  I am an attorney at Legal Services of the Hudson Valley, co-counsel for Plaintiff. I submit this declaration in opposition to Defendants' motion to dismiss the Amended Complaint and in support of Plaintiff's motion for judgment on the pleadings.

2.  The controversy concerns Plaintiff Vinnie Hardee's participation in the Department of Housing and Urban Development (HUD)'s Section 8 Housing Choice Voucher Program ("Section 8"). Section 8 is governed by 42 U.S.C. § 1437f(o) and 24 CFR Part 982.

3.  Ms. Hardee has been receiving a Section 8 housing subsidy for approximately 20 years. Verified Amended Complaint ("Complaint") para. 16. Attached as Exhibit 1 is a true

copy of the Complaint; attached as Exhibit 2 is a true copy of the 2011 Section 8 tenancy addendum.

4. Ms. Hardee is disabled and her only source of income is Supplemental Security Income ("SSI"). Complaint paras. 13-15. Attached as Exhibit 3 is a true copy of a 2017 letter from Section 8 detailing the amount of her subsidy and her share of the rent.

5. A determination that an individual is eligible for SSI requires a determination that the individual is disabled. 42 U.S.C. § 1381a; 20 CFR § 416.901.

6. My office has communicated frequently with Ms. Hardee's caseworker, who assists her with many activities of daily living, including attending appointments and coordinating information with agencies, including Section 8.

7. Attached as Exhibit 4 is a true copy of the May 30, 2018 notice of termination.

8. Attached as Exhibit 5 is a true copy of the letter from Vinnie Hardee in response to the notice of termination, dated June 8, 2018.

9. Attached as Exhibit 6 is true copy of the letter from Vinnie Hardee following up on her letter of June 8, 2018 (exhibit 5).

10. Attached as Exhibit 7 is a true copy of a portion of a landlord's ledger reflecting payment to the landlord by Section 8 for the months of June and July 2018.

11. Defendants have taken the position that they do not consider Ms. Hardee's June 8 letter to be a hearing request and that her July 30 letter was not a timely hearing request.

12. Attached as Exhibit 8 is a true copy of the reasonable accommodation request made on behalf of Vinnie Hardee dated September 25, 2018.

13. Attached as Exhibit 9 is a true copy of the relevant portion of the City of New Rochelle's Housing Choice Voucher 2018 Administrative Plan, concerning hearing procedures.

Dated: Yonkers, NY
February 26, 2019

_____
Christopher F. Schweitzer

3