# EXHIBIT 1

Case 7:18-cv-11215-VB Document 29-1 Filed 03/24/19 Page 2 of 6
Case 7:18-cv-11215-VB Document 23-1 Filed 02/26/19 Page 2 of 6
Case 7:18-cv-11215-VB Document 8 Filed 12/14/18 Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Application of
VINNIE HARDEE,
         Plaintiff-Petitioner,

for a Judgment pursuant to Article 78
Of the Civil Practice Law and Rules,

    -against-

Deborah Pritchett, as the Housing Assistance Specialist
at City of New Rochelle Section 8 Housing Agency,

    -and-

City of New Rochelle Section 8 Housing Agency,

        Defendants-Respondents.

18 CV 11215 (VB)
**AMENDED COMPLAINT**

---

Plaintiff-Petitioner VINNIE HARDEE, by her attorneys, for her amended complaint, alleges as follows:

## PRELIMINARY STATEMENT

1. This removed proceeding is brought pursuant to 42 U.S.C. §1983 and Article 78 of the New York Civil Practice Law and Rules ("CPLR") seeking to annul Defendants' termination of Plaintiff's Section 8 housing subsidy without due process under 24 CFR § 982.555 and to declare that Defendants must act upon Plaintiff's request for reasonable accommodation pursuant to the disability provisions of the Fair Housing Act and Plaintiff's lease.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this removed proceeding pursuant to 28 U.S.C. §§ 1331 and 1441(a).
3. This Court his supplemental jurisdiction of the state law claims pursuant to CPLR7804.

## PARTIES

4. Plaintiff Vinnie Hardee is a 61-year-old disabled woman who was a participant in the New Rochelle housing voucher program, described below. She resides at 590 5th Avenue, Apt. 1K New Rochelle, NY 10801 ("the apartment").

5. Defendant City of New Rochelle Section 8 Housing Agency (the "Agency") has offices at 1 Radisson Plaza, Suite 900 New Rochelle, NY 10801.
6. The Agency administers the City of New Rochelle Section 8 Housing Choice Voucher Program subsidized by the public housing program of the United States Department of Housing and Urban Development ("HUD") pursuant to 42 USC § 1437f(o) and 24 CFR Part 982.
7. Defendant Deborah Pritchett is a Housing Assistance Specialist at the City of New Rochelle Section 8 Housing Choice Voucher Program and, as such, is responsible for the policies, practices, and administration of the program.

## STATUTORY AND REGULATORY SCHEME

8. Defendants are subject to Title VIII of the Civil Rights Act of 1968, as amended 1988, commonly known as the Fair Housing Amendments Act. The Fair Housing Amendments Act prohibits discrimination on the basis of disability. Discrimination includes failing to make reasonable accommodation to a program policy that would afford a person with a disability equal opportunity the right to a hearing.
9. As stated above, the Agency is a recipient of federal funding through HUD. As such, it is subject to Section 504 of the Rehabilitation Act of 1973 and the implementing regulations for HUD-funded programs at 24 CFR Part 8, which also require that the Agency provide a reasonable accommodation to allow a disabled person the continued opportunity to participate in and obtain benefits of the Section 8 program.
10. Section 8 voucher benefits administered by the Agency are a protected property interest protected by the Due Process Clause of the Fourteenth Amendment, the Code of Federal Regulations and the Agency's written Administrative Plan. These benefits may not be terminated without due process of law, including prior notice, a statement of reasons and an opportunity to be heard at a pre-termination hearing, to present evidence and confront and cross-examine witnesses, and to receive a written decision containing a statement of reasons.

## STATEMENT OF FACTS

11. Plaintiff resides in an apartment that was subsidized by the Agency. The Agency is overseen by HUD.

12. The federal Section 8 program is administered locally by the Agency to provide housing subsidies for those who fall below a low-income threshold.
13. Plaintiff has serious medical conditions. She suffers from severe and persistent mental and physical illnesses: PTSD, asthma, hypertension, hyperlipidemia, congestive heart failure, atrial fibrillation on anticoagulation and coronary artery disease. She has had bypass surgery and mitral valve replacement.
14. As a result of her disabilities, it is extremely difficult for Plaintiff to manage her day-today affairs without case management assistance. She is unable to work. Her income consists solely of $735 a month in Social Security Insurance ("SSI") benefits.
15. In light of Plaintiff's impairments, Plaintiff was adjudged to be disabled by the Social Security Administration, which awarded Plaintiff Supplemental Security Income.
16. Plaintiff obtained a Section 8 voucher approximately 20 years ago. Plaintiff was on the wait list for the voucher for 8 to 10 years before receiving it. During the wait, Plaintiff was homeless.
17. Plaintiff has lived in her current apartment since 2011.
18. Defendants have terminated Plaintiff from the voucher program and ceased subsidy payments.
19. Plaintiff can no longer afford the rent without her Section 8 voucher.
20. In May 2018, the Agency sought to terminate Plaintiff's Section 8 voucher by serving a Termination Notice. Upon receiving the notice, Plaintiff disputed its allegations. She asked to be contacted with any questions or clarification that would be necessary for her to maintain her voucher. The request was sent via facsimile by Plaintiff's case manager and confirmation was received.
21. When Plaintiff did not receive a response from Defendants to her letter, she sent another letter via facsimile requesting an informal hearing and explaining that she did not understand the process.
22. Plaintiff's case worker was informed by the Agency that she would not be granted a hearing.
23. On September 25, 2018, Plaintiff, this time by counsel, made a Reasonable Accommodation Request to the Agency. This request was followed up via telephone message on three occasions but Plaintiff never received any response to the request.

24. Defendants failed to provide the process required by the regulations governing this housing program.

### FIRST CLAIM FOR RELIEF

25. Defendants' failure to provide an independent review to Plaintiff before her termination from the program was in violation of the program regulations at 24 CFR §982.555 (a) (2) as well as the Due Process Clause of the Fourteenth Amendment and CPLR 7803(3).

### SECOND CLAIM FOR RELIEF

26. The Agency's Termination letter to Plaintiff dated May 30, 2018 terminating Plaintiff's voucher was in violation of 24 CFR § 982.555 (c) and CPLR 7803(3) for failing to inform Plaintiff of the reason for the decision and the evidence considered in support of it.

### THIRD CLAIM FOR RELIEF

27. Defendants' decision terminating Plaintiff's voucher subsidy while refusing to grant her an informal hearing or to consider Plaintiff's reasonable accommodation request was in violation of the Americans with Disabilities Act, §504 of the Rehabilitation Act 24 CFR Part 8 and CPLR 7803(3).

### FOURTH CLAIM FOR RELIEF

28. Defendants' decision terminating Plaintiff's subsidy was overly harsh and unwarranted and constitutes an abuse of discretion in violation of CPLR 7803(3).

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment and an order that:

   a. Defendants shall conduct an informal hearing pursuant to 24 C.F.R. § 982.555 to consider Plaintiff's proposed reasonable accommodation and provide a response to it.
   b. Defendants shall reinstate Plaintiff's subsidy pending the outcome of that hearing;
   c. Defendants shall duly consider Plaintiff's reasonable accommodation request and any other such requests in a manner compliant with the Fair Housing Act;
   d. Defendants shall pay Plaintiff's costs, disbursements and attorney fees in an amount to be determined, as provided by the New York Equal Access to Justice Act, CPLR 8600 *et seq*., the Fair Housing Act, 42 U.S.C. § 3601 *et seq*, 42 U.S.C. §1983, and Plaintiff's lease; and
   e. Such other and further relief as this Court deems proper shall be granted.

Case 7:18-cv-11215-VB Document 29-1 Filed 02/24/19 Page 6 of 6
Case 7:18-cv-11215-VB Document 23-1 Filed 02/26/19 Page 6 of 6
Case 7:18-cv-11215-VB Document 8 Filed 12/14/18 Page 5 of 5

                                                  Respectfully submitted,

                                                  Legal Services of the Hudson Valley
                                                  Attorney for Plaintiff
                                                  By: _____
                                                  Christopher F. Schweitzer
                                                  90 Maple Avenue
                                                  White Plains, NY 10607
Dated: December 14, 2018                     (914) 949-1305