# EXHIBIT 2

# Residential Lease and Tenancy Addendum



**Tenant ID**

## Part A of Lease: Contract Information

1. **Contents of Lease.** The lease consists of:
   - Part A: Contract information
   - Part B: Tenancy addendum (lease language required by HUD)
   - Part C: The following additional provisions (as required by the owner): (Specify any additional provisions e.g., by designating any exhibits or attachments to the lease.)

2. **Parties to Lease**
   Tenant **Vinnie Hardee**
   
   Owner **550 Fifth Avenue Owner, LP**

3. **Unit Rented.** This is a lease for the following dwelling unit:
   Address **590 Fifth Ave.**
   
   Apartment **#1-K**
   
   City **New Rochelle**  State **NY** ZIP **10801**

4. **Members of Household.**
   The following persons may reside in the unit. No other persons may reside in the unit without prior written approval by the owner.
   
   **Vinnie Hardee**

5. **Term of Lease**
   The initial lease term begins on **12/01/2011**
   The initial lease term ends on **11/30/2012**

**Automatic Renewal**
After the initial lease term, the lease term shall renew automatically as follows:
After the initial term of the lease as stated in Section 1 of the Lease Addendum, the term of this lease shall renew automatically on a month-to-month basis.

6. **Rent to Owner**
   The initial rent to owner is **$945.00**. The amount of the rent to owner is subject to change during the lease term in accordance with this lease.

7. **Utilities and Appliances**
   The owner shall provide or pay for the utilities and appliances as indicated below by an "O" without any additional charge to the tenant. The tenant shall provide or pay for the utilities and appliances as indicate below by a "T".

| Item | Type | Provided or Paid For |
|---|---|---|
| Heating | Natural Gas | O |
| Cooking | Natural Gas | O |
| Other Electric | | T |
| Water Heating | Natural Gas | O |
| Water | | O |
| Sewer | | O |
| Trash Collection | | O |
| Range | | O |
| Refrigerator | | O |
| Other | | |

8. **Security Deposit**
   The Security Deposit is **$945.00**.
   The tenant has paid the security deposit to the owner.

9. **Other Owner Charges**
   (Insert description of any other owner charges that may be assessed for items not included in rent to owner.)

    (1) The owner must maintain unit and premises in accordance with the HQS.

    (2) Maintenance and replacement (including redecoration) must be in accordance with the standard practice for the building concerned as established by the owner.

  b. **Utilities and appliances**

    (1) The owner must provide all utilities needed to comply with the HQS.

    (2) The owner is not responsible for a breach of the HQS caused by the tenant's failure to:

      (a) Pay for any utilities that are to be paid by the tenant.

      (b) Provide and maintain any appliances that are to be provided by the tenant.

  c. **Family damage.** The owner is not responsible for a breach of the HQS because of damages beyond normal wear and tear caused by any member of the household or by a guest.

  d. **Housing services.** The owner must provide all housing services as agreed to in the lease.

8. **Termination of Tenancy by Owner**

  a. **Requirements.** The owner may only terminate the tenancy in accordance with the lease and HUD requirements.

  b. **Grounds.** During the term of the lease (the initial term of the lease or any extension term), the owner may only terminate the tenancy because of:

    (1) Serious or repeated violation of the lease;

    (2) Violation of Federal, State, or local law that imposes obligations on the tenant in connection with the occupancy or use of the unit and the premises;

    (3) Criminal activity or alcohol abuse (as provided in paragraph c); or

    (4) Other good cause (as provided in paragraph d).

  c. **Criminal activity or alcohol abuse.**

    (1) The owner may terminate the tenancy during the term of the lease if any member of the household, a guest or another person under a resident's control commits any of the following types of criminal activity:

      (a) Any criminal activity that threatens the health or safety of, or the right to peaceful enjoyment of the premises by, other residents (including property management staff residing on the premises);

      (b) Any criminal activity that threatens the health or safety of, or the right to peaceful enjoyment of their residences by, persons residing in the immediate vicinity of the premises;

      (c) Any violent criminal activity on or near the premises; or

      (d) Any drug-related criminal activity on or near the premises.

    (2) The owner may terminate the tenancy during the term of the lease if any member of the household is:

      (a) Fleeing to avoid prosecution, or custody or confinement after conviction, for a crime, or attempt to commit a crime, that is a felony under the laws of the place from which the individual flees, or that, in the case of the State of New Jersey, is a high misdemeanor; or

      (b) Violating a condition of probation or parole under Federal or State law.

    (3) The owner may terminate the tenancy for criminal activity by a household member in accordance with this section if the owner determines that the household member has committed the criminal activity, regardless of whether the household member has been arrested or convicted for such activity.

    (4) The owner may terminate the tenancy during the term of the lease if any member of the household has engaged in abuse of alcohol that threatens the health, safety or right to peaceful enjoyment of the premises by other residents.

  d. **Other good cause for termination of tenancy**

    (1) During the initial lease term, other good cause for termination of tenancy must be something the family did or failed to do.

    (2) During the initial lease term or during any extension term, other good cause includes:

      (a) Disturbance of neighbors,

      (b) Destruction of property, or

      (c) Living or housekeeping habits that cause damage to the unit or premises.

    (3) After the initial lease term, such good cause includes:

      (a) The tenant's failure to accept the owner's offer of a new lease or revision;

      (b) The owner's desire to use the unit for personal or family use or for a purpose other than use as a residential rental unit; or

      (c) A business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, the owner's desire to rent the unit for a higher rent).

  e. **Protections for Victims of Abuse.**

    (1) An incident or incidents of actual or threatened domestic violence, dating violence, or stalking will not be construed as serious or repeated violations of the lease or other "good cause" for termination of the assistance, tenancy, or occupancy rights of such a victim.

    (2) Criminal activity directly relating to abuse, engaged in by a member of a tenant's household or any guest or other person under the tenant's control,

a. The terms of the tenancy addendum are prescribed by HUD in accordance with Federal law and regulation, as a condition for Federal assistance to the tenant and tenant's family under the Section 8 voucher program.

b. In case of any conflict between the provisions of the tenancy addendum as required by HUD, and any other provisions of the lease or any other agreement between the owner and the tenant, the requirements of the HUD-required tenancy addendum shall control.

15. **Changes in Lease or Rent**

    a. The tenant and the owner may not make any change in the tenancy addendum. However, if the tenant and the owner agree to any other changes in the lease, such changes must be in writing, and the owner must immediately give the PHA a copy of such changes. The lease, including any changes, must be in accordance with the requirements of the tenancy addendum.

    b. In the following cases, tenant-based assistance shall not be continued unless the PHA has approved a new tenancy in accordance with program requirements and has executed a new HAP contract with the owner:
    
    (1) If there are any changes in lease requirements governing tenant or owner responsibilities for utilities or appliances;
    
    (2) If there are any changes in lease provisions governing the term of the lease;
    
    (3) If the family moves to a new unit, even if the unit is in the same building or complex.

    c. PHA approval of the tenancy, and execution of a new HAP contract, are not required for agreed changes in the lease other than as specified in paragraph b.

    d. The owner must notify the PHA of any changes in the amount of the rent to owner at least sixty days before any such changes go into effect, and the amount of the rent to owner following any such agreed change may not exceed the reasonable rent for the unit as most recently determined or redetermined by the PHA in accordance with HUD requirements.

16. **Notices**

Any notice under the lease by the tenant to the owner or by the owner to the tenant must be in writing.

17. **Definitions**

**Contract unit.** The housing unit rented by the tenant with assistance under the program.

**Family.** The persons who may reside in the unit with assistance under the program.

**HAP contract.** The housing assistance payments contract between the PHA and the owner. The PHA pays housing assistance payments to the owner in accordance with the HAP contract.

**Household.** The persons who may reside in the contract unit. The household consists of the family and any PHA-approved live-in aide. (A live-in aide is a person who resides in the unit to provide necessary supportive services for a member of the family who is a person with disabilities.)

**Housing quality standards (HQS).** The HUD minimum quality standards for housing assisted under the Section 8 tenant-based programs.

**HUD.** The U.S. Department of Housing and Urban Development.

**HUD requirements.** HUD requirements for the Section 8 program. HUD requirements are issued by HUD headquarters, as regulations, Federal Register notices or other binding program directives.

**Lease.** The written agreement between the owner and the tenant for the lease of the contract unit to the tenant. The lease includes the tenancy addendum prescribed by HUD.

**PHA.** Public Housing Agency.

**Premises.** The building or complex in which the contract unit is located, including common areas and grounds.

**Program.** The Section 8 housing choice voucher program.

**Rent to owner.** The total monthly rent payable to the owner for the contract unit. The rent to owner is the sum of the portion of rent payable by the tenant plus the PHA housing assistance payment to the owner.

**Section 8.** Section 8 of the United States Housing Act of 1937 (42 United States Code 1437f).

**Tenant.** The family member (or members) who leases the unit from the owner.

**Voucher program.** The Section 8 housing choice voucher program. Under this program, HUD provides funds to an PHA for rent subsidy on behalf of eligible families. The tenancy under the lease will be assisted with rent subsidy for a tenancy under the voucher program.

| VIOLENCE, DATING VIOLENCE OR STALKING | U.S. Department of Housing and Urban Development Office of Housing | OMB Approval No. 2502-0204 Exp. 05/31/2011 |

# LEASE ADDENDUM
## VIOLENCE AGAINST WOMEN AND JUSTICE DEPARTMENT REAUTHORIZATION ACT OF 2005

| TENANT | LANDLORD | UNIT NO. & ADDRESS |
| --- | --- | --- |
| Vinnie Hardee | 550 Fifth Avenue Owner, LP | 590 Fifth Ave., #1-K New Rochelle, NY 10801 |

This lease addendum adds the following paragraphs to the Lease between the above referenced Tenant and Landlord.

### Purpose of the Addendum

The lease for the above referenced unit is being amended to include the provisions of the Violence Against Women and Justice Department Reauthorization Act of 2005 (VAWA).

### Conflicts with Other Provisions of the Lease

In case of any conflict between the provisions of this Addendum and other sections of the Lease, the provisions of this Addendum shall prevail.

### Term of the Lease Addendum

The effective date of this Lease Addendum is 12/1/2011. This Lease Addendum shall continue to be in effect until the Lease is terminated.

### VAWA Protections

1. The Landlord may not consider incidents of domestic violence, dating violence or stalking as serious or repeated violations of the lease or other "good cause" for termination of assistance, tenancy or occupancy rights of the victim of abuse.
2. The Landlord may not consider criminal activity directly relating to abuse, engaged in by a member of a tenant's household or any guest or other person under the tenant's control, cause for termination of assistance, tenancy, or occupancy rights if the tenant or an immediate member of the tenant's family is the victim or threatened victim of that abuse.
3. The Landlord may request in writing that the victim, or a family member on the victim's behalf, certify that the individual is a victim of abuse and that the Certification of Domestic Violence, Dating Violence or Stalking, Form HUD-91066, or other documentation as noted on the certification form, be completed and submitted within 14 business days, or an agreed upon extension date, to receive protection under the VAWA. Failure to provide the certification or other supporting documentation within the specified timeframe may result in eviction.

_____  
Tenant: Vinnie Hardee  
Date: Nov. 15, 2011

_____  
Landlord: 11/21/11  
Date: November 18, 2011

Form HUD-91067 (09/2008)