UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VINNIE HARDEE,                                          :
                              Plaintiff,               :
v.                                                      :
                                                        :
CITY OF NEW ROCHELLE SECTION 8                          :      **<u>OPINION AND ORDER</u>**
HOUSING AGENCY and DEBORAH                              :
PRITCHETT, as the Housing Assistance                    :      18 CV 11215 (VB)
Specialist at City of New Rochelle Section 8            :
Housing Agency,                                         :
                              Defendants.               :
-------------------------------------------------------------x

<u>Briccetti, J.</u>:

        Plaintiff Vinnie Hardee brings this 42 U.S.C. § 1983 action against defendants City of

New Rochelle Section 8 Housing Agency and Deborah Pritchett, the agency's housing assistance

specialist, alleging plaintiff's termination from the City of New Rochelle Section 8 Housing

Choice Voucher Program (the "Section 8 program") violated her procedural due process rights

under the Fourteenth Amendment, notice requirements under federal law, federal discrimination

laws, and New York state law.

        Defendants move for dismissal or remand to state court for lack of subject matter

jurisdiction, or in the alternative, judgment on the pleadings pursuant to Rule 12(c).  (Doc. #19).

Plaintiff, by cross-motion, moves for judgment on the pleadings pursuant to Rule 12(c) as to her

federal claims[1] and seeks an order directing defendants to hold an informal hearing as set forth in

24 C.F.R. § 982.555.  (Doc. #27).

        For the reasons set forth below, defendants' motion is DENIED, and plaintiff's cross-

motion is GRANTED IN PART and DENIED IN PART.

_____

[1]        Plaintiff also challenges her termination from the Section 8 program under N.Y. C.P.L.R.
Article 78.  However, she only seeks judgment on the pleadings as to her federal claims.

# BACKGROUND

For the purpose of ruling on the motion for judgment on the pleadings, the Court accepts as true all well-pleaded factual allegations in the amended complaint, as summarized below.

Plaintiff is a 61-year-old woman who suffers from post-traumatic stress syndrome and various other medical conditions. For about twenty years, she received financial housing assistance from the Section 8 program, a subsidized rent program funded by HUD and administered locally by the City of New Rochelle pursuant to 42 U.S.C. § 1437f(o) and 24 C.F.R. Part 982. The program is designed to help tenants who would otherwise be priced out of the rental housing market, including disabled individuals on fixed incomes, low-income households, and senior citizens. Plaintiff asserts her only income is $735 she receives in Social Security disability benefits each month.

On or about May 30, 2018, plaintiff received a notice signed by defendant Pritchett terminating plaintiff's participation in the Section 8 program because plaintiff allowed "illegal occupants" to live in her subsidized apartment in violation of 24 C.F.R. § 982.551(h)(2). (Doc. #29-4). The notice stated:

> This office has been informed that you have or had illegal occupants living in your apartment. You are in violation of your Section 8 Family Obligations HUD CFR 982.551 and are terminated from this Section 8 program effective June 30, 2018 HUD CFR 982.552. If you do not agree with this decision you may request an Informal Hearing in writing [within] 10 days of this letter as per HUD CFR 982.555.

(Id.).

Plaintiff submitted a written response dated June 8, 2018, with the assistance of her case manager, which stated, in relevant part:

> I, Vinnie Hardee believe that I should keep my Section 8 Voucher because I have been in compliance with the rules and regulations of the program. I am accused of having individuals live with me, but it is not true. I have had visitors that come to my apartment but they were not living with me. I befriended a woman who took

advantage, and allowed her son to use my address for his state ID, I was unaware that he would be using the address, and never gave them permission to do so. Although my address is listed on his state ID, he does not live with me. I am aware of the rules and regulations of the program, and have been an ideal tenant besides this incident. I always pay my rent on time, and attempt to be a good tenant. I have heart failure, and will be getting surgery shortly. I cannot imagine healing anywhere but my home, without my voucher I will not be able to pay rent on my own. I apologize for any confusion on the matter, and agree to obey all of the rules that Section 8 has put in place. If you have any questions or concerns please contact me at [this number]. Thank you!

(Doc. #29-5). Defendants did not respond or schedule a hearing.

Plaintiff followed up with another letter to defendants, dated July 30, 2018. That letter stated, in pertinent part:

I, Vinnie Hardee am requesting an informal hearing at Section 8 to discuss the discontinuation of my subsidy. I received the letter in June stating that my subsidy will be discontinued, and I had 10 days to request a hearing, but I was under the impression that my last letter explaining why I should keep my voucher would suffice. I also did not understand that I needed to use the exact language that I am requesting an informal hearing. Please let me know if this can be arranged at your earliest convenience.

(Doc. #29-6). Defendants did not respond or schedule a hearing.

At some point, defendants stopped paying plaintiff's Section 8 program rental subsidy. Plaintiff alleges she cannot afford to remain in the apartment without the subsidy.

On September 25, 2018, plaintiff's attorney sent Pritchett a letter, stating that plaintiff intended to request a hearing with the initial letter she sent, and requesting that plaintiff "be granted a Reasonable Accommodation due to her disability pursuant to the Federal Fair Housing Act 42 USC §3604(f)(3)(B)." (Doc. #29-8). Defendants did not respond.

On November 14, 2018, plaintiff commenced this action in Supreme Court, Westchester County, seeking an Article 78 proceeding in connection with defendants' termination of plaintiff from the Section 8 program.

On December 3, 2018, defendants removed this action to federal court pursuant to 28

U.S.C. § 1441(a). They filed an answer on December 11, 2018. Plaintiff did not move to

remand, and instead chose to file an amended complaint on December 14, 2018, alleging:

> (i) defendants' failure to provide plaintiff "an independent review" before her termination from the Section 8 program violated the due process clause of the Fourteenth Amendment and New York state law (Doc. #8 ("Am. Compl.") ¶ 25);

> (ii) defendants' failure to inform plaintiff, in their May 30, 2018, letter, of the reason for her termination from the Section 8 program and the supporting evidence violated 24 C.F.R. § 982.555 and 42 U.S.C. § 1437d(k), as well as New York state law (id. ¶ 26);

> (iii) defendants' refusal to provide plaintiff an informal hearing or consider her request for an accommodation violated the Americans with Disabilities Act, the Rehabilitation Act, and New York state law (id. ¶ 27); and

> (iv) defendant's termination was "overly harsh and unwarranted and constitutes an abuse of discretion" in violation of New York state law (id. ¶ 28).

Defendants answered the amended complaint on December 18, 2018, and filed an

amended answer on February 6, 2019.

## DISCUSSION

I. Standard of Review

A. Subject Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such

limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston,

Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation

omitted). A cause of action "is properly dismissed for lack of subject matter jurisdiction under

Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it,"

Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Makarova v. United States,

201 F.3d 110, 113 (2d Cir. 2000)).

Under 28 U.S.C. § 1447(c), courts are required to remand to state court a case removed to federal court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); see also Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131 (2d Cir. 2006) (a party may move for remand at any time on the basis of lack of subject matter jurisdiction).

  B. Rule 12(c)

At any time after the pleadings close and before trial commences, a party may move for judgment on the pleadings under Rule 12(c). See Citibank, N.A. v. Morgan Stanley & Co. Int'l, PLC, 724 F. Supp. 2d 407, 414 (S.D.N.Y. 2010).  "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  Cleveland v. Caplaw Enters., 448 F.3d 518, 520 (2d Cir. 2006).

In either case, the Court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir.2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

In evaluating a Rule 12(c) motion, "a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies."  In re Thelen LLP, 736 F.3d 213, 219 (2d Cir. 2013).

Here, both parties submitted numerous exhibits in support of their cross-motions. The Court considers only four documents upon which the amended complaint heavily relies, and the accuracy or authenticity of which are not disputed: defendant's May 30, 2018 termination notice (Doc. #29-4), plaintiff's June 8, 2018, response (Doc. #29-5), plaintiff's July 30, 2018, follow-up letter (Doc. #29-6), and plaintiff's attorney's September 25, 2018, letter (Doc. #29-8). The Court has not considered any other document submitted with the motions.

II.     Motion to Remand

Defendants, who previously chose to remove this case from state court, now seek to remand the case back to state court pursuant to 28 U.S.C. § 1447(c), arguing this Court lacks subject matter jurisdiction because plaintiff's original petition did not state a federal claim.

The Court disagrees.

When, as here, there is no diversity of citizenship, federal question jurisdiction under 28 U.S.C. § 1331 is required to proceed in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1331 confers federal question jurisdiction when a plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (citing Bell v. Hood, 327 U.S. 678, 681–85 (1946)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)).

Here, the Court has subject matter jurisdiction, because plaintiff's Fourteenth Amendment claim in her original petition—namely, that defendants violated her due process

rights by failing to conduct a pre-termination hearing—invokes a colorable federal controversy.[2] (Doc. #1 ¶¶ 21–30). In her original petition, plaintiff alleges she has a protected property interest in her continued participation in the Section 8 program (id. ¶ 21), and that defendants deprived her of that interest without giving her adequate notice and a meaningful opportunity to be heard (id. ¶ 22). Federal courts commonly hear such claims. See generally Goldberg v. Kelly, 397 U.S. 254, 255 (1970); A.S. v. Been, 228 F. Supp. 3d 315, 317 (S.D.N.Y. 2017) ("A termination of [Section 8 voucher payments] or voucher holders' participation in the program constitutes a deprivation [of property interests] that would entitle them to [constitutional] procedural safeguards."). Plaintiff pleads the same due process claim in the amended complaint. (Am. Compl. ¶¶ 10, 25).

Accordingly, this Court has subject matter jurisdiction over the action, and defendants' motion for dismissal or remand is denied.

III.    Service of Process

Defendants also argue the Court should grant them judgment on the pleadings for insufficient service of process. However, this affirmative defense was not included in defendants' second amended answer (Doc. #18), and is therefore waived. Fed. R. Civ. P. 12(h)(1)(B)(ii); see Onewest Bank N.A. v. Louis, 2016 WL 3552143, at *6 (S.D.N.Y. June 22, 2016), report and recommendation adopted, 2016 WL 4059214 (S.D.N.Y. July 28, 2016) (failure to assert insufficient service in answer or pre-answer motion waives defense of insufficient service).

---

[2]    Because plaintiff's due process claim suffices to invoke subject matter jurisdiction, the Court need not consider plaintiff's other claims which allegedly arise under federal law.

Accordingly, defendants' motion for judgment on the pleadings for insufficient service of process is denied.

IV.     Plaintiff's Due Process Claim

Plaintiff argues the Court should grant her judgment on the pleadings on her due process claim, because defendants failed to hold an informal hearing even though plaintiff timely requested one.

The Court agrees.

To determine whether plaintiff has a valid due process claim, the Court conducts a two-step inquiry, asking "(1) whether the Plaintiff possesses a liberty or property interest and, if so, (2) what process she is due before she can be deprived of that interest." See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 313 (2d Cir. 2002).

A.     Legal Standard

As to the first question, Section 8 tenants have a well established property interest in continuing to receive rental assistance. Junior v. N.Y.C. Hous. Pres. & Dev. Corp., 2013 WL 646464, at *6 (S.D.N.Y. Jan. 18, 2013); see also Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d 330, 337–38 (E.D.N.Y. 2012) (collecting cases).

As to the second question, when evaluating whether the process a plaintiff received satisfies the Constitution, courts distinguish between claims based on established state procedures and random, unauthorized acts by state employees. Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996) (citing Hudson v. Palmer, 468 U.S. 517, 532 (1984)). If the deprivation is based on "established state procedure," the state can typically predict when it will occur and must offer a pre-deprivation hearing. Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 465 (2d Cir. 2006). If the deprivation is random and

unauthorized, the existence of a meaningful post-deprivation remedy, such as an Article 78 proceeding, satisfies due process. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d at 338.

While the distinction between these two types of claims is not "clear cut," courts have held that a deprivation is based on established state procedure when "(1) the state delegated to [the] actors the power and authority to effect the very deprivation complained of . . . [and] the concomitant duty to initiate the procedural safeguards set up by state law or (2) the deprivation resulted from the acts of high-ranking officials who are ultimate decision-maker[s] and have final authority over significant matters." Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d at 338 (quoting Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d at 465) (internal quotations and internal citations omitted). At least one court has found that terminating a Section 8 tenant for failure to adhere to his or her obligations is based on established state procedure. Rivera v. Town of Huntington Hous. Auth., 2012 WL 1933767, at *5 (E.D.N.Y. May 29, 2012).

If the deprivation was based on established state procedures, the Court must address whether the process provided satisfies the due process clause. Rios v. Town of Huntington Hous. Auth., 853 F. Supp. 2d at 337. "To satisfy traditional due process requirements, a proceeding for termination of public assistance must meet the following criteria: (1) timely notice stating the reason for the termination, (2) an opportunity to appear at a hearing and to present evidence and question witnesses, (3) the right to representation by counsel at the hearing, (4) the right to have a decision rest solely on the rules of law and evidence adduced at the hearing, and (5) the right to an impartial decision maker." Id. at 341–42 (quoting Goldberg v. Kelly, 397 U.S. 254, 266–71 (1970)); see also 42 U.S.C. § 1437d(k) (similar criteria set forth in the U.S. Housing Act).

B.     Analysis

Here, plaintiff's termination from the City of New Rochelle's Section 8 program was based on established state procedures.  See Rivera v. Town of Huntington Hous. Auth., 2012 WL 1933767, at *5.  Neither party disputes the City of New Rochelle is charged with administering its Section 8 program by enforcing the program's rules and procedures.  Nor do defendants argue the decision to terminate plaintiff was the result of an employee's random, unauthorized act.

Accordingly, the Court must determine whether the procedures defendants provided satisfied due process.  They did not.

Within ten days of receiving the notice of termination, plaintiff timely wrote a letter to defendants disputing the charges against her and the termination of her benefits.  Plaintiff noted she was aware of the program's rules and argued she did not violate them by having individuals live with her.  Although defendants are correct that plaintiff did not use the words "informal hearing" in her letter, she responded within the ten-day period and clearly notified defendants that she both disagreed with the reason for her termination and intended to dispute it.  She also explained in detail the reason why she was disputing it.  Plaintiff reminded defendants that she had been ideal tenant, and asked defendants to contact her by telephone with any questions or concerns about her response.  Such a letter certainly amounts to a request for a hearing for the purposes of plaintiff's due process claim.  See Shamblee v. Rhea, 2013 WL 823331, *6 (N.Y. Sup. Ct. Feb. 20, 2013) (construing tenant's letter stating "[p]lease give me and my family a chance, as a mom I only did what I thought was right at the time for our safety," as a request for a hearing concerning termination of her Section 8 benefits).

Further, while other housing authorities require unambiguous action in a request for a hearing, defendants here included no specific instructions on how to request an informal hearing.

Cf. <u>Moorer v. NYC HPD Office of Hous. Operation & Div. of Tenant Res</u>., 927 N.Y.S.2d 817

(Sup. Ct. 2011), <u>aff'd</u>, 101 A.D.3d 565 (1st Dep't 2012) (housing authority provided tenant a

separate hearing request form); <u>Klein v. Rhea</u>, 975 N.Y.S.2d 366 (Sup. Ct. 2013) (housing

authority required tenant to check box and return form if requesting a hearing).  Because the City

of New Rochelle Section 8 Housing Agency did not instruct plaintiff to perform any specific,

unambiguous action to secure an informal hearing, it cannot now claim that plaintiff's letter

disputing the termination was insufficient.

In short, defendants violated plaintiff's due process rights by failing to provide a pre-

termination hearing even though plaintiff timely requested one.

Accordingly, plaintiff's cross-motion for judgment on the pleadings as to her due process

claim is granted, and defendants' motion for judgment on the pleadings as to plaintiff's due

process claim for failure to state a claim is denied.

Defendants are ordered to hold an informal hearing as set forth in 24 C.F.R. § 982.555.

V.      <u>Plaintiff's Remaining Claims</u>

Because the Court grants judgment on the pleadings in plaintiff's favor, her remaining

claims for violations of the notice provisions under 42 U.S.C. § 1437d(k) and 24 C.F.R.

§ 982.555; violations of federal discrimination laws, including the Fair Housing Act, the

Americans with Disabilities Act, and Section 504 of the Rehabilitation Act; and violations of

New York state law are rendered moot.  <u>See</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975)

(holding a court must dismiss claims that are rendered moot while litigation is pending).

The relief plaintiff seeks for these claims is an "informal hearing pursuant to 24 C.F.R.

§ 982.555."  (Am. Compl. at 4).  Having granted plaintiff's cross-motion as to her procedural

due process claim and ordered defendants to provide such a hearing, plaintiff has been awarded

the relief she seeks.  Therefore, the Court need not address plaintiff's other federal and state law claims.

Accordingly, as to plaintiff's claims concerning inadequate notice, violations of the Fair Housing Act, Americans with Disabilities Act, and Rehabilitation Act, and violations of state law, the parties' cross-motions for judgment on the pleadings are denied as moot.

## CONCLUSION

Defendants' motion for dismissal or remand for lack of subject matter jurisdiction is DENIED.

Defendants' motion for judgment on the pleadings is DENIED.

Plaintiff's cross-motion for judgment on the pleadings is GRANTED to the extent plaintiff seeks an order on her Section 1983 due process claim directing defendants to provide her with an informal hearing pursuant to 24 C.F.R. § 982.555.  Her cross-motion for judgment on the pleadings is otherwise DENIED as moot.

By no later than October 5, 2019, defendants are ordered to hold an informal hearing as set forth in 24 C.F.R. § 982.555.

All of plaintiff's remaining claims are DISMISSED AS MOOT.

The Clerk is directed to terminate the motions (Docs. ## 19, 20, 23, 27) and close this case.

Dated: August 5, 2019
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

12